## DAVENPORT v. UNITED STATES.

### No. 602.

Municipal Court of Appeals for the District of Columbia.

July 1, 1948.

Saul G. Lichtenberg, of Washington, D. C., for appellant.

Richard M. Roberts, Asst. U. S. Atty., of Washington, D. C. (George Morris Fay, U. S. Atty., and James C. McKay, William S. McKinley, and Sidney S. Sachs, Asst. U. S. Attys., all of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant was convicted of unlawfully assaulting a 15-year-old girl in the Union Station. The government sought to prove that he placed his hands upon her with lascivious intent and threw a towel which touched her. He brings this appeal, assigning several errors. We need discuss only one.

Defendant requested the trial judge to instruct the jury that if they have any reasonable doubt about any material point or question in the case they must resolve such doubt in favor of defendant. This request was refused; instead the judge told the jury:

"If you have any reasonable doubt finally, after considering all the evidence, both for and against him, as to the guilt of this man, it is your duty of course to bring in a verdict of not guilty."

We must hold that the defendant was entitled to the instruction he requested and that the instruction given does not satisfy the law as established in this jurisdiction. In the crime of assault, as in most other offenses, there are at least two elements or material facts to be proved, the act itself and the unlawful intent. In the present case the burden was on the government to prove not only the touching but that it was unlawful; in other words, that it was not accidental or innocent. The rule was first stated in Egan v. United States, 52 App.D.C. 384, 287 F. 958, 967, where it was held that a defendant is entitled to have the jury told that the government has the

burden of proving the crime charged, in every material part, beyond a reasonable doubt. "The law demands acquittal," said the Court, "unless every material and necessary fact upon which a conviction depends is proven, to the satisfaction of each individual juryman, beyond a reasonable doubt."

The same Court again held in McAffee v. United States, 70 App.D.C. 142, 105 F.2d 21, that failure to give such an instruction was error. And in a still more recent case, Williams v. United States, 76 U.S.App.D.C. 299, 131 F.2d 21, 22, the Court, speaking through Vinson, J. (now Chief Justice of the United States), said:

"The jury must be told at least once, in some unequivocal language, that if it believes from the evidence that defendant is innocent, or if it believes from the evidence that the Government has not proved each and every element of the crime beyond a reasonable doubt, it must return a verdict of not guilty."

In this case the jury was told no such thing.

We cannot do other than vacate the judgment of conviction.

Reversed.