**KENDALL v. UNITED STATES.**

No. 1223.

Municipal Court of Appeals
District of Columbia.

Argued Aug. 4, 1952.

Decided Aug. 27, 1952.

Rex K. Nelson, Washington, D. C., for appellant.

Edward O. Fennell, Asst. U. S. Atty., Washington, D. C., Charles M. Irelan, U. S. Atty. and (Joseph M. Howard and William E. Kirk, Jr., Asst. U. S. Attys., Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This is an appeal from a conviction of a charge of assault. From the evidence the jury was justified in finding the following facts. Appellant and complaining witness had an argument and a week or ten days later met in a tavern where the argument was resumed and a scuffle ensued in the course of which both fell to the floor. The bartender separated them and told them that if they wished to fight they should go outside. As complaining witness turned aside appellant struck him and he fell to the floor. Appellant then proceeded to kick complaining witness about the head, inflicting injuries which required hospitalization for six or eight weeks.

Appellant's first claim of error is that the court erred in denying a charge to the jury that the evidence demonstrated that the complainant was the original aggressor in the affray, and would so remain the aggressor until, and if, the appellant, by excessive force, or by continuing the affray after cessation by the complainant, himself became the aggressor. The record fails to show that such a request was made. Instead it shows that after the court charged the jury counsel were asked if further in-

structions were desired and appellant's counsel said:

"One other matter, your Honor, is this: Now, from the total of the evidence that we have here, unless actually the jury disbelieves Mr. Kendall, the evidence shows Hair to be the original aggressor. I wonder if your Honor would give them that instruction—I suppose it must be taken into consideration that, if they chose to disbelieve Mr. Kendall, then they would have to determine the aggressor; but, if they believe him, then it is readily apparent that Hair was the original aggressor."

The trial court refused to so charge on the ground that to do so would be to invade the province of the jury in factual matters. This ruling was correct. It is not plain from the language of counsel just what ruling was desired, but the error as assigned indicates that the request was for the court to instruct the jury that complaining witness was the original aggressor. This was clearly a question of fact for the jury and not one of law for the court.

 The second error claimed is that the court erred in denying a charge to the jury that the evidence demonstrated as a matter of law that the encounter between complainant and defendant constituted a single affray. The record shows that after the jury was charged counsel stated to the court:

"I'd like to request your Honor to rule as a matter of law that this was one continuous fight rather than two, because there was no cutting-off [cooling off] period—there was nothing to give rise to a second fight."

This request was likewise refused on the ground that it was for the jury to say whether there was one continuous fight. Clearly this ruling was correct. The evidence did not show exactly how much time elapsed or what was said and done after the parties had been separated and before ap-

pellant knocked complainant to the floor. The evidence is clear that the parties ceased their scuffle, arose from the floor, and were told that if they wished to fight they should go out of the tavern, and that disregarding these instructions appellant struck complainant so hard as to knock him to the floor and then proceeded to kick him about the head. There was no evidence that complainant struck any blow after being separated. Appellant did testify that complainant made a threatening gesture, but there was also testimony that complainant had dropped his hands and turned to move away when appellant struck him. It was a question for the jury and not for the court whether the testimony showed one continuous affray.

 The third claim of error relates to the judge's charge to the jury on the law of self-defense. The court charged the jury at length on the law of assault and the right of self-defense. No objection was made to the charge although opportunity to object was given. Objections to instructions not made in the trial court can be considered on appeal only in exceptional cases. This is not such a case. Furthermore, we think the instructions as a whole correctly stated the law of self-defense.

 The fourth error asserted is that the verdict was contrary to the law and the weight of the evidence. We see no merit in this claim.

 We call attention to Criminal Rule No. 18 of the trial court, which, like Fed.Rules Crim.Proc. rule 30, 18 U.S.C.A. provides for the filing of written requests for instructions at the close of the evidence. This rule should be followed instead of the practice of making oral requests for additional instructions at the close of the charge. It is not the duty of the trial court to reframe an incorrect request to charge [1] and oral requests are frequently incomplete or defective in some respect.

Affirmed.

1. Howard v. Capital Transit Co., 82 U.S. App.D.C. 351, 163 F.2d 910; George v. United States, 75 U.S.App.D.C. 197, 125 F.2d 559.