**DYSON v. UNITED STATES.**

No. 1328.

Municipal Court of Appeals
District of Columbia.

Argued April 20, 1953.

Decided May 29, 1953.

Robert H. Campbell, Washington, D. C.,
for appellant.

Samuel J. L'Hommedieu, Jr., Asst. U. S.
Atty., Washington, D. C. (Charles M. Ire-

Ian, U. S. Atty., Washington, D. C., and William R. Glendon, Asst. U. S. Atty., Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant having been convicted by a jury of simple assault[1] brings this appeal.

A police officer assigned to the morals division of the Metropolitan Police Department testified that shortly after midnight on October 10, 1952, he was approached by defendant, who asked the officer to light his cigarette. The officer handed him a book of matches, and after defendant had lit the cigarette and returned the matches, "he placed his left hand on my privates and squeezed them." When the officer asked him why he had done this, he replied, "Well, ain't you sporting?" The officer identified himself and placed him under arrest. A few minutes later in the police car, the officer asked defendant to explain his actions, and according to the officer defendant replied, "He didn't know, maybe being caught will teach him a lesson." At police headquarters he was questioned as to any prior homosexual acts. The officer was permitted to testify to this conversation. He said defendant admitted having committed sodomy with other persons on various occasions. At trial defendant denied the assault incident and also denied the statements attributed to him.

The first assignment of error concerns the refusal of the trial court to direct a verdict of acquittal. The basis of this contention is that the facts of this case, even if true, do not in law constitute the crime of assault. In Beausoliel v. United States, 71 App.D.C. 111, 107 F.2d 292, 295, the assault consisted of the act of defendant in causing a six-year-old girl to touch a private part of his body. The court said that assault as contemplated by the statute " 'is common law assault, which is defined in various ways' ", and directing its attention specifically to cases involving sex aberrations, said "At common law, it was generally held that a man who took improper liberties with the person of a female, without her consent, was guilty of assault. * * The attempt need not be made violently, insolently, or in anger. Such assaults are not made in that way." After drawing analogies with and giving illustrations of cases in which attempts at various types of sexual misbehavior were held to be assaults in law, the court continued: "In a case such as the present, threat or danger of physical suffering or injury in the ordinary sense is not necessary. The injury suffered by the innocent victim may be the fear, shame, humiliation, and mental anguish caused by the assault." This reasoning has been applied in numerous cases of assaults of an indecent nature on women and children.[2] There is no logical reason why the same reasoning should not cover the present situation. If it is an assault to touch a woman unlawfully in the expression of a lustful instinct, then surely it is just as much an assault for one man to fondle another without his consent in the intimate expression of a perverted desire. There could be just as much "fear, shame, humiliation, and mental anguish" resulting from such an act, and therefore just as much of an offense in the eyes of the law. The legal principle involved is not affected nor is the statute made any less applicable by the fact (if it be a fact) that the person assaulted was a case-hardened police officer or had previously had occasion to deal with sexual perverts. Obviously defendant did not know that the man he approached was a policeman. And the act complained of, if directed to a private citizen on a public street would hardly fail to arouse indignation or the fear, shame, etc., referred to in the Beausoliel case.[3] It would,

---

1. Code 1951, 22–504: "Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both."

2. 4 Am.Jur., Assault and Battery, § 27; 6 C.J.S., Assault and Battery, § 62; 6 A. L.R. 994.

3. Unless the man so fondled was himself a deviate and responded favorably to the approach, such response would of course constitute consent and nullify the offense.

we think, be highly unrealistic to rule otherwise. So, applying the common law rule and paraphrasing only slightly what the court there said, we rule that a man who takes improper liberties with the person of another man without his consent is guilty of assault.

 Error is also assigned in that the court failed to instruct the jury that an accidental touching of a person would be a good defense to the crime charged. There was no evidence that the contact was accidental, and the record does not disclose that counsel for defendant made any such request of the court, before or after the jury had been instructed. The general rule is that matters not raised in the trial court will not be considered on appeal save in exceptional cases.[4] There has been no showing by appellant that this is such a case. Although the burden was on the Government to show not only a touching but that the touching was not accidental or innocent,[5] such an instruction would not have been proper in this case as defendant categorically denied that he had touched the officer in any manner. Therefore the issues at trial were clear, the Government contending that the officer was assaulted, and the defendant denying it. There was no error in the court's failure to instruct on a matter not in issue.

 The third assignment of error relates to the admission of the officer's testimony that defendant had admitted prior homosexual acts. These admissions were in fact admissions of a crime of sodomy. Appellant contends that it was error to allow proof of crimes other than that with which the defendant was charged. He relies on Crawford v. United States, 59 App. D.C. 356, 41 F.2d 979; and Martin v. United States, 75 U.S.App.D.C. 399, 127 F.2d 865, for this proposition. It is undoubtedly the general rule that a person cannot be convicted of a specific crime by proof that he has committed other crimes. But it is equally well settled that there are many exceptions to this rule.[6] One of these exceptions is in prosecutions for crimes of a sexual nature. In Hodge v. United States, 75 U.S.App.D.C. 332, 126 F.2d 849, the court said:

"The general rule, applicable in criminal prosecutions, is that evidence of other offenses than that for which the accused is on trial is inadmissible. In prosecutions for sexual offenses, however, there is a well established exception, the theory of which is that *as the mental disposition of the defendant at the time of the act charged is relevant, evidence that at some prior time he was similarly disposed is also relevant.*" (Emphasis supplied.)

We feel that this rule governs the present case, which, though classified as one of assault, essentially involves an assault of a sexual nature.[7] The cases cited by appellant while stating applications of the general rule, are not cases of a sexual nature, and therefore are not controlling here.

 There are numerous reasons for allowing proof of previous crimes to be given in this type of case, but the one most applicable here, and the most logical as well, is to show the intent and lustful disposition of the defendant. As we have said above, it is incumbent upon the prosecution to show that the act of defendant was not accidental and that he had the necessary criminal intent. In order to prove this, it was proper to allow proof of defendant's lustful and perverted state of mind at the time he committed the crime. The fact that this testimony may also go to show the commission of other crimes is only incidental and does not render it inadmissible.

Another problem arises from the ruling on the admissibility of this evidence of other crimes. The majority of the cases on this subject deal with evidence of prior and subsequent acts of the defendant with the same person who was the victim of the act for which defendant was indicted. These cases hold such evidence admissible on the

4. Kendall v. United States, D.C.Mun.App., 91 A.2d 91.

5. Davenport v. United States, D.C.Mun. App., 60 A.2d 226.

6. United States v. Sebo, 7 Cir., 101 F.2d 889.

7. Posey v. United States, D.C.Mun.App., 41 A.2d 300.

rationale that defendant's lustful disposition towards the same person will be a continuing thing. But in the present case the acts of defendant were with persons other than the arresting officer. This problem was discussed in Bracey v. United States, 79 U.S.App.D.C. 23, 142 F.2d 85, 88, certiorari denied 322 U.S. 765, 64 S.Ct. 1274, 88 L.Ed. 1589.

"Evidence of prior acts between the same parties is admissible, therefore, as showing a disposition to commit the act charged; the probabilities being that the emotional predisposition or passion will continue. The question has not been decided in the District of Columbia whether this exception to the general rule should include sex offenses committed by the accused upon other victims than the one named in the indictment. *Logically the exception would seem to include such other offenses.* * * * and the probability that the emotional predisposition or passion will continue is as great in one case as the other. The better reasoned cases in other jurisdictions also support the admission of such evidence, within the exception to the general rule." (Emphasis supplied.)

█ That case was one of rape, while this is one of assault. But since both cases are sexual in nature, the Bracey case is sound authority for our holding that evidence of separate acts with different persons may be received in cases of this type. It is entirely logical that such evidence be permitted in order to show the defendant's intent and disposition, and that similar acts with other persons are neither irrelevant nor too far afield.

Affirmed.

HOOD, Associate Judge (dissenting).

It is my opinion that this conviction should not stand. Although defendant was charged with an assault, the prosecution developed into one for making an invitation to commit a perverted sexual act. To bolster its case and support the uncorroborated testimony of the officer, the Government was allowed to put in evidence alleged admissions by defendant, as the majority opinion states, of prior homosexual acts. To justify the admission of such evidence, the majority opinion relies on cases of incest and rape.

Was there any evidence of an assault? The officer used the word "squeezed," but a little later in his testimony he said he was "touched" by defendant. It is clear that defendant used no violence and the officer admitted he was not physically hurt. The majority say that physical injury is not essential to an assault and that the injury may be fear, shame and humiliation. Cases involving women and children are cited for this proposition. This officer was neither a woman nor a child. He had been on the police force for seven years and was assigned to the morals division. He did not say or even intimate that he was shocked, shamed, humiliated or even surprised. He was in that neighborhood because "we have been making several cases over there * * *." I think even under the Government's theory there was no intention on defendant's part to injure the officer or his feelings. His belief, or at least hope, was that his action would be favorably received, and nothing in the officer's testimony supports an inference that such action was repugnant to him. The officer was there for the purpose of receiving an advance of this sort because, as he said, "that is my job." I think the supposed analogy to cases of women and children completely fails.

The whole purport of the officer's testimony is that defendant's action was an invitation, or the preliminary to an invitation, to commit a perverted sexual act. And I think charging defendant with an assault was an attempt to evade the Kelly case where it was ruled that in a prosecution for an invitation to a perverted sexual act there must be corroboration.[8] I think the true nature of this prosecution is best shown by the words of the prosecuting attorney who, in opposing a motion for judgment of acquittal said:

"There is good reason for the Government to prosecute these cases. All

8. Kelly v. United States, 90 U.S.App.D.C. 125, 194 F.2d 150.

the security agencies of the United States immediately fire these people as weak security risks * * *."

Perhaps defendant is a homosexual; perhaps he had engaged in homosexual acts; perhaps on the night in question he solicited the officer to engage in a homosexual act. He was not charged with any of these things. He was charged with assault and convicted on proof of homosexuality. I would reverse.