# STANLEY MORRIS GORSKI *v.* STATE OF MARYLAND

[No. 92, Initial Term, 1967.]

*Decided April 21, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PROCTOR, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*James Robert Miller* for appellant.

*Lewis A. Noonberg, Assistant Attorney General,* with whom were *Robert C. Murphy, former Attorney General, John C. Cooper, III, Assistant Attorney General, Leonard T. Kardy, State's Attorney for Montgomery County,* and *Ronald McDonald, Jr., Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PROCTOR, J., delivered the opinion of the Court.

Appellant was convicted, under a two count indictment, of sodomy and assault and battery. He was sentenced to a term of 10 years.

This appeal from that judgment and sentence raises two questions:

(1) Did the trial court err in permitting a police officer to testify concerning admissions made to him by appellant of involvement in other criminal offenses?

(2) Did the trial court err in permitting the State to impeach appellant by interrogating him about a case in Prince George's County in which a jury had found appellant guilty of

sodomy but in which no judgment or sentence had been entered and the time for taking an appeal had not expired?

In response to a question by the State concerning statements allegedly made by appellant a police officer, over objection, was permitted to testify that "I asked him if he was the same Stanley Morris Gorski that was arrested in 1957 for indecent exposure in Montgomery County. * * * He stated that he was. * * * I asked the defendant if he had a sex problem and he stated that he did. * * * I asked him if he was presently participating in indecent exposures similar to what he had been * * * charged with * * * in 1957. He stated that he was and that he exposed himself several times in Washington, D.C. and that he would do it from his apartment window where he lived. He stated that he also frequently masturbated."

In *Wentz v. State*, 159 Md. 161, 163-166, the Court of Appeals (p. 164) stated the general rule to be that " 'Offenses against other persons than the one against whom the offense with which the defendant is charged was committed are inadmissible.' " (citing *Wharton on Criminal Evidence* (10th Ed.), p. 170). "The theory on which evidence of other offenses is excluded is that the jury may be misled into a conviction for an offense for which the defendant is not indicted, or that he may be prejudiced by the accumulation of offenses which he is not prepared to defend." (p. 165). Quoting from *Cothron v. State*, 138 Md. 101, 110, the Court of Appeals further stated that the exceptions to the general rule are " 'to prove the specific crime charged when it (the proffered evidence) tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of a crime on trial.' "

In *Berger v. State*, 179 Md. 410, 414-15, the Court of Appeals said "* * * However, on account of the misleading probative force and dangerous tendency of testimony of this kind, its introduction should be subjected to rigid scrutiny by the court. * * * to come within the exception to the rule that evidence of previous offenses is irrelevant, there must appear be-

tween the previous offense and that with which the defendant is charged some real connection other than the allegation that the offenses have sprung from the same disposition. The exception does not go to the extent of sanctioning the admission of evidence of the 'propensity' of the accused to commit crimes similar to that for which he has been indicted." Referring to *State v. Lapage*, 57 N. H. 245, the court said that "* * * it is not permissible on an indictment for an unnatural crime to show that the accused had admitted he had a tendency toward such practices." See also *MacEwen v. State*, 194 Md. 492, 500-1.

The decisions in *Hitzelberger v. State*, 174 Md. 152, 161, (malfeasance of police officer in permitting continued operation of houses of prostitution—evidence relating to nature and conduct of such houses antedating the period of one year prior to the date of presentment) ; *Wood v. State*, 191 Md. 658, 663-5, (armed robbery forty minutes before murder of pursuing policeman) ; *Baltimore Radio Show, Inc. v. State*, 193 Md. 300, 327, (contempt proceedings based upon news broadcasts concerning a pending murder case which referred to the previous record of an accused which was "the clue that led to his apprehension by the police") ; *Hunter v. State*, 193 Md. 596, 600-1, (payoffs on pinball machines on prior days) ; *Bryant v. State*, 207 Md. 565, 586-7, (conviction of two assaults on the decedent prior to the date of her murder) ; *Presley v. State*, 224 Md. 550, 558 (perverted act upon prosecuting witness prior to rape) ; are all clearly distinguishable from the present case.

Two cases cited by the State are also distinguishable. *Bell v. State*, 234 Md. 254, 257-8, involved a confession which included an admission of a previous offense. No effort had been made by counsel for the accused to limit or delete portions of the confession. In addition to this, the trial judge gave a cautionary instruction to the jury to disregard the parts relating to the prior offense. In *United States v. Rees*, 193 F. Supp. 849, 856-8, Judge Thomsen held testimony concerning a prior offense admissible under exception (4) set forth above. Finally, at the argument, the State referred this court to *Dyson v. United States*, 97 A. 2d 135, (Municipal Court of Appeals of

the District of Columbia). The rule announced in that decision is not the law of Maryland.

We hold that the testimony admitted in this case, over objection of appellant, comes within the general rule—not within any of the exceptions and that, therefore, the trial court committed reversible error.

In view of our ruling on the first contention, it is not necessary that we consider the second. However, it should be pointed out that at the argument, counsel for appellant advised this court that the case in the Circuit Court for Prince George's County is now final, an appeal from the judgment and sentence in that case having been dismissed. Accordingly, this question is now moot.

*Judgment reversed and case remanded for a new trial.*