JOHN JOSEPH O'CONNOR *v.* STATE OF MARYLAND

[No. 183, Initial Term, 1967.]

*Decided August 15, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Howard E. Goldman* for appellant.

*James S. Sfekas, Special Attorney,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *James H. Taylor, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

John Joseph O'Connor was tried on April 19, 1966 by a jury in the Circuit Court for Prince George's County, Judge William B. Bowie presiding, under an indictment charging him with housebreaking, grand larceny and receiving stolen goods. The jury returned a verdict of guilty on the second count and the appellant was sentenced to serve ten years in the Maryland House of Correction.

The appellant now appeals from his conviction and presents three contentions for our consideration, namely: (1) Was the State witness, Paulette Ann Kurtz, an accomplice in the commission of the crime charged? (2) Was there sufficient evidence corroborating Paulette Ann Kurtz's testimony which would enable a finding of guilty? (3) Were the judge's instructions to the jury erroneous and too confusing to permit a proper finding by the jury?

On December 19, 1964 the home of Harry Magafan located in West Hyattsville, Maryland was broken into and, among other things, a Polaroid camera, a number of coins from his son's coin collection and several tubes within which the coins were contained were stolen. At the trial, Harry Magafan identified the coin tubes and souvenir coin which were found in appellant's apartment as having been stolen from his home and stated,

in particular, that the souvenir coin was one he had personally brought his son, Angelo, from Greece. Angelo's testimony agreed in substance and he stated the coin collection was worth approximately $325.00.

Paulette Kurtz testified that she had participated in a number of housebreakings with the appellant and her boyfriend, George Tullis, and that after her arrest she pointed out these homes to the police while riding in the cruiser. Their method of operation, she continued, was that the three of them would ride around in the appellant's new blue convertible to determine what houses they desired to break into and that, after locating several likely houses, they would telephone the residence and, if no one answered, they would go back and break in. She stated that this procedure was followed when they broke into the Magafan residence with a crowbar and she identified the coin tubes as having come from one of the houses they had broken into but she was unable to remember which one. George Tullis could not testify as he committed suicide when the police attempted his arrest.

The appellant took the witness stand in his own behalf and denied participation in the offense. He stated he was uncertain how the stolen coin tubes had gotten into his apartment, but he thought that someone else could have put them there since, as an owner of a roofing business, he had certain employees and other persons in and out of his apartment at frequent intervals. He admitted owning a new convertible and that the three of them had been in the car at least once together.

Under the facts of this case we agree with the lower court and the appellant that Paulette Kurtz was an accomplice. It therefore becomes necessary to determine whether there was sufficient corroboration of Paulette Kurtz's testimony to warrant the appellant's conviction. It is well settled that not much in the way of corroboration is required and such evidence need not of itself be sufficient to convict the accused, but need only support some of the material points of the accomplice's testimony. *McKenzie v. State,* 236 Md. 597, 204 A. 2d 678 (1964) ; *Boggs v. State,* 228 Md. 168, 179 A. 2d 338 (1962).

Corroboration was supplied by Officer Wheeler's testimony that he found the souvenir coin in the appellant's apartment

and several coin tubes in both appellant's and George Tullis' apartment. The coin and coin tubes were identified by Harry Magafan and his son as those missing from their home. In addition, Harry Magafan testified that the front door of his home was forced open with a crowbar and the appellant admitted owning a new convertible automobile in which he had driven Paulette Kurtz and George Tullis as passengers.

The appellant also challenges the court's instructions to the jury. However, a review of the transcript reveals that no objection was made to these instructions at the trial and since we do not ordinarily decide any point which does not plainly appear by the record to have been tried and decided by the lower court, we could deny the relief sought on that ground alone. Maryland Rules 756 f and g and 1085. However, the contention is without merit since we find the court did in fact instruct the jury fairly and impartially. It is the appellant's point that the court took from the jury the question of whether the evidence proved grand or petty larceny. This is not the case as the court advised the jury that the count of grand larceny was merely one of three charges in the indictment and explained the distinction between grand and petty larceny and that the State had the burden of proof.

We, therefore, affirm the judgment of the lower court.

*Judgment affirmed.*