JAMES EARL COX *v.* STATE OF
MARYLAND

[No. 39, September Term, 1967.]

*Decided February 14, 1968.*

138

The cause was submitted to MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Milton B. Allen* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James F. Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, James Earl Cox, was convicted of armed robbery by a jury in the Criminal Court of Baltimore, Judge James A. Perrott presiding, on November 4, 1966. He was subsequently sentenced to twenty years in the Maryland Penitentiary. This was his third trial.

The record indicates that on March 18, 1961, the Klotzman Pharmacy was robbed. The Appellant was apprehended and charged shortly thereafter with the commission of the robbery. At his original trial in 1961 he pleaded guilty and received a sentence of twenty years. Subsequently, his conviction was set aside and a new trial awarded as a result of post conviction proceedings. The Appellant was again tried in 1965 and was again convicted and sentenced to twenty years in prison. By virtue of his election under *Schowgurow v. State,* 240 Md. 121, he was awarded another new trial.

It appears that on the night in question, two men entered the pharmacy owned by Mr. Alfred Klotzman. One of them remained near the entrance door, while the other, with a "shotgun or rifle" in hand, proceeded to take in excess of $200 from two cash registers. Mr. Klotzman and two of his employees positively identified the Appellant as the man carrying the "shotgun or rifle." The record further indicates that during the course of the robbery, Mr. Klotzman was both shot and hit

over the head, resulting in a prolonged period of hospitalization. The Appellant testified in his own behalf and denied any participation in the crime.

He first contends that the trial judge abused his discretion by failing to grant his request for a removal. The sole basis for the Appellant's request was his allegation that the trial judge was prejudiced. He asserts that at the time of his arraignment before Judge Perrott he had refused to accept the indictment and that, as a result, Judge Perrott had, in the words of counsel, "practically thrown him out of court." This was emphatically denied by Judge Perrott, as shown by the record.

It is well settled that a criminal defendant has no absolute right of removal in a non-capital case. *Heslop v. State,* 202 Md. 123; *Benton v. State,* 1 Md. App. 647. The question of removal rests within the discretion of the trial court and the function of this Court is to determine whether that discretion was abused. *Seidman v. State,* 230 Md. 305; *Benton v. State, supra; Dolan v. State,* 1 Md. App. 292. Here the Appellant elected a jury trial. There is no evidence in this record that the Appellant was deprived of a fair and impartial trial, and, accordingly, we find no abuse of discretion by the trial court. *Day v. State,* 2 Md. App. 334, 341.

The Appellant next contends that the trial judge improperly denied his request for a private trial. He contends that the right to a public trial is a right belonging solely to the accused and that the accused may, therefore, waive this right if he so desires.

It is true that the Sixth Amendment to the Federal Constitution guarantees to an accused "the right to a speedy and public trial." But we do not read this guarantee as carrying with it a right in the accused to demand a private trial. Under our form of government, secrecy in any phase of its administration is abhorrent; secrecy in the administration of justice is intolerable. Our citizens have the same interest in insuring that fair play is accorded an accused at trial as they do in seeing that the rights of society are preserved and respected in the trial of an alleged offender against its laws. See *E. W. Scripps Co. v. Fulton,* 100 Ohio App. 157, 125 N. E. 2d 896. This is not to say that a trial judge does not have some latitude in the conduct of

the trial proceedings to make selective exclusions of members of the public where no prejudice to the accused results. The Court of Appeals of Maryland recognized this in *Dutton v. State,* 123 Md. 373 (at p. 387) : "In determining whether any part of the public should be excluded from the trial of a criminal case, some discretion must be allowed the trial court." We find no merit in the Appellant's contention that it was error to deny him a private trial.

The Appellant next contends that the trial judge improperly denied his request for a free transcript of his second trial. The stenographer's notes of that trial had not been transcribed prior to the remand of the Appellant's case and his retrial as a result of *Schowgurow, supra.* Defense counsel stated to the lower court, "I am well acquainted with what the witnesses said on previous occasions." Counsel likewise stated : "From my point of view I feel—I never requested the transcript—I felt I didn't need it." Also, in reply to the Court's comment that the request for a transcript of the second trial "looks to me like a purely dilatory tactic," counsel for the Appellant stated "It may be. I don't know." The record also indicates that a copy of the transcript of the Appellant's original trial was made available to defense counsel and, further, that defense counsel had made an extensive pretrial investigation of the case. Under the circumstances we see no prejudice to the Appellant or any denial of his constitutional rights by the ruling of the trial court.

The Appellant also contends that the trial judge erred in failing to require the State to "discover unto the Appellant," pursuant to Rule 728 of the Maryland Rules of Procedure. The record indicates that the Appellant's counsel was given a copy of the State's answer to a Motion for Discovery which had been filed at one of the Appellant's previous trials.

The record also reveals the following :

"(Mr. Allen) * * * If Your Honor please, the Defendant advises me and I so advise the Court that he wishes to file a Motion for Discovery. Now, I have never filed a Motion for Discovery in this case for reasons that I feel sufficient in my experience.

"(The Court) Which is very extensive, I might add.

"(Mr. Allen) I never filed one, but the Defendant feels something might be uncovered beneficial to him by such a motion. However, this case has a long history and I am well acquainted with what the witnesses said on previous occasions, the extent of the witnesses, the extent of the investigation, and I felt I was prepared with other Motions and never filed one, but bring that to the Court's attention as the fifth Motion."

We cannot find any prejudice resulting from the trial court's refusal to require further discovery, and, accordingly, his contention in this regard is without merit. See *Brown v. State*, 1 Md. App. 571.

He next contends that the trial judge erred in failing to grant his request that the jury be instructed "to disregard the identification of the eyewitnesses as being untenable as a matter of law." No objection to the omission of the requested instruction was made at the conclusion of the charge and, accordingly, the issue is not properly before this court. Md. Rule 756; *Bennett v. State*, 230 Md. 562; *Cropper v. State*, 233 Md. 384. In any event, the giving of the requested instruction, as phrased, would have been improper since the weight to be given evidence of eyewitness identifications is for the jury. *Logan v. State*, 1 Md. App. 213.

The Appellant further contends that certain remarks made by the State's Attorney to the jury were both improper and prejudicial. The record reveals that the prosecutor, in closing argument, stated to the jury: "After five years the police department disposes of evidence." The record also indicates that the trial judge immediately admonished the jury to completely disregard the comment, and in his charge to the jury, specifically told them that statements made by counsel during a trial or in argument are not evidence. The Appellant has failed to show any prejudice resulting from the prosecutor's statement and we find his contention to be without merit. See *Day v. State, supra*, p. 342.

Finally, the Appellant contends that he "could not receive a fair trial" because his court appointed attorney at the first trial

(not his present attorney) failed to examine the records of the Appellant's then employer which would have shown that he was working at the time the crime occurred; that the records have now been destroyed, and, thus, he was unable to establish at his third trial, "a perfect alibi." This contention is apparently made at the personal insistence of the Appellant for the record plainly indicates that his counsel at the third trial, who is also his counsel in this appeal, diligently pursued this phase of the Appellant's defense. The Appellant's former employer was located, the employment records were found to be still in existence; and they revealed that the Appellant did not work on the day of the crime. The record below shows that this was explained to the Appellant by his counsel prior to trial and, again, in open court, and the Appellant agreed to abandon this particular alibi defense. The final contention, therefore, is not properly before us and, in any event, is without merit.

*Judgment affirmed.*