# THOMAS EDWARD HICKS *v.* STATE OF MARYLAND

[No. 30, September Term, 1967.]

*Decided February 23, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Kathryn E. Diggs* for appellant.

*Lewis A. Noonberg, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *William A. Linthicum, Jr., State's Attorney for Montgomery County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellant, Thomas Edward Hicks, was found guilty of statutory rape by a jury in the Circuit Court for Montgomery County and sentenced by Judge Ralph G. Shure, the presiding judge, to serve twelve (12) years in the Maryland Penitentiary.

In this appeal, three questions are presented:

1. Did the trial Court commit error in admitting evidence of the Appellant's activities with a third party?

2. Were the advisory instructions of the lower Court relative to certain testimony concerning acts of the Appellant with a third party prejudicial to the Appellant?

3. Was the evidence sufficient to support the jury's verdict?

The prosecutrix was a seven year old child in the second grade of elementary school who was visiting her aunt and uncle. According to her testimony, she and another young girl, who was six years old, went next door to a vacant house. There they encountered two men, the Appellant and his co-worker, Eric Anderson, sitting in the garage of the vacant home. The prosecutrix testified that she told the men that she and her friend were making a camp and were looking for some sticks. She stated that shortly after she and her young friend arrived at the vacant house the Appellant took her into the house, showed her through the rooms, and finally took her into an upstairs closet; that while they were in the closet, he pulled down the bottom part of her bathing suit and asked her if she wanted to see how real people, big people, kiss. She testified that there was a penetration and that he committed certain perverted sex acts. She said that she did not cry, did not scream, and that the Appellant asked her not to tell anybody about what had happened. On cross examination she stated that her brother, Neal,

had come over to the garage at or about the same time that she and her friend had gone there.

Anderson testified that while he and the Appellant were in the garage the prosecutrix and her friend came in and asked if there were any sticks. He testified that the Appellant took the prosecutrix into the house after she had asked him to show her through and that he was gone approximately ten minutes; that when they came back to the garage the young child was not crying and that her appearance was the same as before she entered the house. After testifying as to the Appellant's activities with the prosecutrix he was permitted to testify, over objection, that the Appellant then took the second litle girl upstairs; that he went up looking for them; that he called to the Appellant in the master bedroom and said, " 'I got to go' and he said, 'I'll see you tomorrow * * *.' "

The physician who examined the prosecutrix several hours later indicated that there was trauma to the vaginal area and that the hymeneal membranes had been penetrated. However, he could not state with reasonable medical certainty what object or objects caused the trauma which he observed.

The second child was called to the stand but her testimony was limited to what the Appellant had said to the prosecutrix in her presence. She did not testify as to any activities that had taken place between her and the Appellant.

The brother of the prosecutrix testified that the two little girls had been looking for sticks and that the Appellant took the prosecutrix upstairs and showed her the house. He stated that they were away from the garage approximately ten minutes. Over objection by the defense, he was permitted to testify that the Appellant also went upstairs with the second little girl; that shortly thereafter he followed them upstairs; and that he heard the Appellant say to the little girl, on the inside of a locked bathroom door, "take off your bathing suit." He further stated that after the Appellant brought the little girl back down to the garage the Appellant drove away and that as the Appellant did so, he copied down the license number of the car. He also stated that he reported the incident to his aunt and uncle and they notified the police.

The Appellant took the stand and testified that he and Anderson were finishing a beer in the garage when the prosecutrix and her young friend came in and asked for sticks. He further stated that they had some conversation with the two little girls, telling them that there were some sticks that they could have. He stated that the prosecutrix asked if she could go into the house and he told her that he would prefer that she not do so because it was vacant and up for sale, but when she persisted in this request he agreed to show her through the house. He stated that he took her through the house, answered her questions and brought her back to the garage. He denied committing any assault on the prosecutrix and denied taking her into any closet upstairs.

I

The Appellant vigorously argues that the admission of testimony relating to the Appellant's activities with the second little girl constitutes prejudicial error. It is contended that such testimony is violative of the principle that "in a criminal prosecution proof which shows or tends to show that the accused is guilty of commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment or information, is incompetent and inadmissible for the purposes of showing the commission of the particular crime charged * * *." It is further contended that the prejudicial error in this case was compounded because the admitted evidence related to a subsequent, rather than a prior, crime. The Appellant concedes that there are exceptions to the general rule stated above but urges that none of them are applicable or should be invoked in the case at bar.

There can be no question that the principle advanced by the Appellant is a well established rule not only in this State but generally accepted throughout the courts of our Country. This Court recognized and applied the rule in *Gorski v. State*, 1 Md. App. 200, where we stated:

> "In *Wentz v. State*, 159 Md. 161, 163-166, the Court of Appeals (p. 164) stated the general rule to be that ' "Offenses against other persons than the one against whom the offense with which the defendant is charged

was committed are inadmissible." ' (citing *Wharton on Criminal Evidence* (10th Ed.), p. 170). ' "The theory on which evidence of other offenses is excluded is that the jury may be misled into a conviction for an offense for which the defendant is not indicted, or that he may be prejudiced by the accumulation of offenses which he is not prepared to defend." ' (p. 165). Quoting from *Cothron v. State,* 138 Md. 101, 110, the Court of Appeals further stated that the exceptions to the general rule are ' "to prove the specific crime charged when it (the proffered evidence) tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, (5) the identity of the person charged with the commission of a crime or trial." ' "

The Appellant argues that none of the five exceptions set forth above are applicable in the case at bar and therefore our decision here must be controlled by our decision in *Gorski, supra.* Under the factual situation in which this case reaches us, it is unnecessary to determine whether the exceptions enumerated in *Gorski, supra,* are applicable since we are of the opinion that the testimony was admissible under another, and well established principle, namely, the doctrine of *res gestae.* This doctrine, as applied in sex offenses, was succinctly stated in 1 *Wharton's Criminal Evidence* (12th Ed.) Sec. 242:

"When the similar offense as to which proof was offered took place on the same occasion as the sexual offense for which conviction was sought and was so connected therewith as to constitute a part of the transaction, or as commonly said by the Courts, to be a part of the *res gestae,* evidence of the other offense is admissible upon the trial as a connected crime."

While Professor Wharton uses the expression *"res gestae"* in stating the rule, he criticizes the use of the term (Sec. 234):

"When the other crime was committed at the same or substantially the same time as the crime for which the

defendant was charged, it is frequently said that the proof of the other crime is admissible as part of the *res gestae*. Although this is not a technically correct use of the term 'res gestae', the matter is academic, for the result is that the evidence of the concurrent crime, by whatever name it is called, is held admissible."

Although we do not quarrel with Professor Wharton's assertion as to the technical misuse of the term, it is a fact that a substantial number of courts have adopted the term to describe the rule and it has been so adopted in our State (See *Van v. State,* 1 Md. App. 347, 352.). Until a more accurate term can be conjured, we feel compelled to treat the rule as a segment of the doctrine of *res gestae.*

The principle we are here considering was the subject of an Annotation, 167 A.L.R. 565, entitled, Admissibility in prosecution for sexual offenses, of evidence of other similar crimes.[1] After an extensive review of the cases on the subject, and based on the language used by the courts throughout the country in these cases, the author of the Annotation states the rule in language almost identical with that used by Professor Wharton. We are persuaded that the rule is bottomed upon a sound principle of law.

Accordingly, we are of the opinion that in the factual posture of the case at bar, the testimony concerning the Appellant's activities with the second child was admissible under the *res gestae* rule enumerated above. The record shows that after the Appellant brought the prosecutrix down stairs he then took the second girl by the hand and led her upstairs and engaged in substantially the same licentious conduct. Thus, his activities with respect to the second child were so closely related to those with the prosecutrix, both in time and place, as to constitute a part of one transaction. In other words, they were a part of the *res gestae* and, therefore, testimony with respect thereto was admissible.

---

1. The cases analysed in the Annotation are fully set forth therein and need not be restated here. The Annotation has been supplemented and brought forward in 77 A.L.R. 2d 841.

In reaching this conclusion we should allude to the well established rule set forth in *Wharton, supra,* Sec. 280, that "whether evidence comes within the *res gestae* rule is a matter which is left to the discretion of the trial judge. An Appellate Court will reverse his judgment only upon clear proof that he has abused that discretion and committed clear error." Here, we cannot find any abuse of the trial judge's discretion and we think the testimony was plainly admissible.

## II

The Appellant next contends that the trial judge's comments during the course of his instructions concerning the testimony of the Appellant's activities with the second child were prejudicial because such testimony was inadmissible. This contention is not properly before us inasmuch as no exceptions to the instructions were taken at the trial below. Md. Rule 756 g. In any event, his comments in this regard were not improper in view of our conclusion that such testimony was admissible.

## III

The Appellant finally contends that if the evidence concerning his activities with the second child were excluded, as he argues it should have been, the remaining evidence was legally insufficient to support the jury's verdict. In view of our holding that such evidence was admissible this contention is without merit.

*Judgment affirmed.*