## THOMAS ELI LONG *v.* STATE OF MARYLAND

[No. 90, September Term, 1967.]

*Decided April 15, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Norman N. Yankellow* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Allen S. Handen, State's Attorney for Calvert County,* on the brief, for appellee.

PER CURIAM.

Appellant, Thomas Eli Long, was convicted in the Circuit Court for Calvert County by a jury, Judge Perry G. Bowen presiding, of murder in the second degree, and carrying a deadly weapon openly with intent to injure, and was sentenced to serve terms of eighteen years and two years, respectively, in the Maryland Penitentiary, sentences to run concurrently. This is an appeal from his conviction of murder in the second degree.

Appellant raises two contentions on appeal: (1) that the court erred in admitting into evidence the victim's incriminating statement as part of the *res gestae;* and (2) that the court erred in instructing the jury that the defendant had the burden of proving by a preponderance of evidence that he acted in defense of himself and his mother.

We shall only state those facts which are necessary for our consideration of the issues presented.

On May 16, 1966, at approximately 10:30 p.m., James Clifton Long was shot at close range by a twelve gauge shotgun during an argument with his wife on the porch of his home in Calvert County. He subsequently died as a result of the shooting. The appellant, Thomas Eli Long, admitted the shooting, but testified that he shot his father in defense of himself and his mother.

Corporal Yinger and Trooper Baker of the Maryland State Police arrived at the Long home at approximately 12:30 a.m. and proceeded to administer first aid. Trooper Cawthorne, who arrived a few minutes later, testified that upon arrival first aid was being administered to Mr. Long who was lying on a bed in the bedroom. He asked Mr. Long what happened. In answer to the question, Mr. Long stated that "he had been in an argument with his son and his son shot him." Due to loss of blood and shock and because of the extent of his injuries, he was not questioned further. An ambulance was summoned and he was removed to the hospital.

There he was examined by Dr. George Weems who testified, without objection, that the victim Long stated to him that he was shot by his son a short distance from the edge of the porch. After he was shot he fell and then his son and his wife assaulted him. He passed out and sometime after that they left. He was out for a long time and when he did come to, he finally was able to crawl into the house. After describing the serious nature of his injuries, Dr. Weems testified that he had been transported to the University Hospital in Baltimore where he died.

## I

Appellant urges as his first contention that the trial court erred in admitting in evidence over objection the statement made by the deceased to Trooper Cawthorne "that he had been in an argument with his son and his son shot him" as part of the *res gestae*.

"The test as to whether a declaration or act offered in evidence is part of the *res gestae* is whether it was contemporaneous with the commission of the crime and so connected with it as to illustrate its character. Whether such a declaration or act is an immediate accompaniment is tested, not by the closeness of

time, but by casual [causal] connection. A definite limit of time cannot be arbitrarily fixed for the reason that so long as the main transaction continues, declarations and acts emanating from it become a part of it." *Wilson v. State,* 181 Md. 1, 3-4, 26 A. 2d 770 (1942). See also *Stevens v. State,* 232 Md. 33, 40, 192 A. 2d 73 (1963), where the facts were remarkably similar to the instant case even as to time. There the Court found that the deceased's statement made more than two hours after she was beaten was "so closely connected with the main fact as to constitute a part of it," and thus was part of the *res gestae.*

Judge Morton, speaking for this Court, in *Reckard v. State,* 2 Md. App. 312, 316, 234 A. 2d 630, 632 (1967), explained *res gestae* as follows: "As otherwise expressed, whether a declaration is a part of the *res gestae* depends upon whether the declaration represented the facts talking through the party or whether the party was talking about the facts, since *res gestae* comprehends a situation which presents an occurrence sufficient to produce a spontaneous and instinctive reaction under such circumstances as to show a lack of forethought or deliberate design on the part of the declarant."

Here the statement made by the deceased, some two hours after the shooting, was made under such circumstances that the awful influence of the occurrence produced a spontaneous and instinctive reaction on the part of the declarant. When the State Troopers arrived the victim was found lying upon a bed in the bedroom, bleeding profusely from the mortal wounds he had received from the shotgun blast. He was unattended and in a state of shock, in great pain, and had lost consciousness for a period prior to their arrival. We find that the statement given under such conditions was properly received as part of the *res gestae.*

Assuming, however, without deciding, that the statement was improperly admitted, the admission of the statement failed to constitute prejudicial error to appellant. Appellant does not deny the shooting but claims he shot in self defense. Moreover, the same testimony was admitted in evidence without objection through Dr. Weems, the examining physician, who related to the court and jury a history given him by the deceased upon his arrival at the hospital.

## II

Appellant's second contention is that the court erred in its instructions to the jury as to the law of self defense. However, a careful review of the transcript reveals that no objection was made or exception taken to the court's instructions by appellant at the conclusion of the charge, and, accordingly, the issue is not properly before this Court. Maryland Rules 756 f and g and 1085; *Culver v. State,* 1 Md. App. 406, 415-416, 230 A. 2d 361 (1967); *O'Connor v. State,* 1 Md. App. 627, 630, 232 A. 2d 551 (1967); *Cox v. State,* 3 Md. App. 136, 141, 238 A. 2d 157 (1968); *Hicks v. State,* 3 Md. App. 225, 231, 238 A. 2d 577 (1968).

Moreover, we find that the portion of the court's instructions relating to self-defense is an accurate statement of the law of Maryland. The burden of proving by a preponderance of the evidence that he acted in self-defense is on the defendant. *Davis v. State,* 237 Md. 97, 103, 205 A. 2d 254 (1964); *Perry v. State,* 234 Md. 48, 52, 197 A. 2d 833 (1964); *Bradford v. State,* 234 Md. 505, 514, 200 A. 2d 150 (1964); *Gunther v. State,* 228 Md. 404, 411, 179 A. 2d 880 (1962).

*Judgment affirmed.*