## HOWARD MONROE JONES *v.* STATE OF MARYLAND

[No. 352, September Term, 1967.]

*Decided June 24, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Thomas N. Biddison, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty at a court trial in the Criminal Court of Baltimore of two offenses of assault and battery and given consecutive sentences of imprisonment for three years on each offense.

About 8:00 P.M. on 1 February 1967 Edna N. Lindley had gone to the store and was walking on Hampden Avenue near 28th Street in Baltimore City to return home when the appellant approached her. As he walked by her he "made a turn and grabbed me by the back of my neck. When he grabbed me, I kicked him, I hit him in the stomach and I run and he was exposed and everything." She fought herself free. She said she meant by "exposed" that "his sexual organ was out, was exposed * * * and his fly was down." She yelled and sought help in a "corner bar" but "by the time they came out looking for him he was gone." The incident was reported to the police.

About 9:00 P.M. the same night Mrs. William Blucher, nee Debra Sadler, had walked her father to the bus stop and on her way home passed a church at the corner of 30th and Harrington Streets. She saw a friend in the church and she stopped to talk to him, leaning over a small wall surrounding the church property. The appellant came up "and leaned himself * * * pushed himself against me * * * he was exposed * * * his pants were undone." Her friend yelled and "the man started to walk away." Her friend went after him but she called him back and they "got the police." No evidence was presented on behalf of the appellant, although without taking the stand he stated to the court that after his arrest he heard police officers, in obscene terms, say that they would assure that "he won't get out."

The appellant contends on appeal from the judgments that the court erred in denying his motions for judgment of acquittal, alleging that the evidence was not sufficient to sustain the convictions.

> "Any unlawful injury whatsoever, however slight, actually done to the person of another, directly or indirectly, in an angry, revengeful, rude or insolent manner, is a battery. Every battery includes an assault, so on an indictment for assault and battery one may be convicted of an assault only. * * * It is not necessary, however, that the injury shall be serious. The least touching of another in anger, or in a rude or insolent manner, is enough, as by spitting upon him, or in any

way touching him with anger, or with rudeness, even with the open hand, or getting him out of the way, or cutting his clothes while they are on his person. * * * An assault and battery may be committed by taking indecent liberties with a girl or woman without her consent." *Clark and Marshall, Law of Crimes,* 6th Ed., § 10.19, p. 654.

Considering the evidence in the instant case within the context of this definition of assault and battery the *corpus delicti* of each offense was proved and the criminal agency of the appellant clearly established by the positive identification of him by each of the victims. The motions for judgment of acquittal were properly denied. We cannot say that the judgments of the lower court on the evidence were clearly erroneous. Md. Rule, 1086.[1]

*Judgments affirmed.*

---

1. The general rule is that "when a man is put upon trial for one offense he is to be convicted, if at all, by evidence which shows that he is guilty of that offense alone, and that, under ordinary circumstances, proof of his guilt of one or a score of other offenses in his life time is wholly excluded." *Wentz v. State,* 159 Md. 161, 164. However, we think that the court could properly have considered the evidence of the assault on Edna W. Lindley in its finding that the appellant was guilty of assaulting Debra Sadler as coming within the exceptions to the general rule. The assault on Miss Lindley occurred shortly before that on Miss Sadler and the circumstances of the former assault tended to establish, with regard to the latter assault: (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common plan or scheme embracing the commission of two crimes so related to each other that proof of one tends to establish the other, and, (5) the identity of the offender. See *Gorski v. State,* 1 Md. App. 200, 202.