Tyrone W. JOHNSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 87–CF–1086, 90–CO–1078.

District of Columbia Court of Appeals.

Argued May 14, 1991.

Decided July 14, 1992.

Mary L. Armstrong, Washington, D.C., for appellant in No. 87–CF–1086. Greta C. Van Susteren, Washington, D.C., was on the brief, for appellant in No. 87–CF–1086.

Thomas R. Kennedy, Washington, D.C., appointed by this court, for appellant in No. 90–CO–1078.

Elizabeth Trosman and Douglas K. Klein, Asst. U.S. Attys., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Helen M. Bollwerk, and J. Edward Agee, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before TERRY and WAGNER, Associate Judges, and MACK, Senior Judge.

TERRY, Associate Judge:

Appellant Johnson was convicted on thirteen counts of a nineteen-count indictment charging him with armed rape,[1] indecent

1.  D.C.Code §§ 22–2801, 22–3202 (1989).

acts with a minor,[2] and various related offenses. The charges were based on certain acts involving Johnson and two teen-aged girls, R.M. and N.P. While his appeal from the judgment of conviction was pending, Johnson filed a motion to vacate sentence under D.C.Code § 23–110 (1989), which the trial court denied without a hearing. His appeal from that denial (No. 90–CO–1078) was consolidated with his appeal from the conviction (No. 87–CF–1086). We affirm in both cases on the merits,[3] but remand with directions to vacate certain duplicative convictions.

## I

◼ We need not here summarize the evidence, which is set forth in all its distressing detail in the briefs of the parties. The principal issue on appeal concerns the admission of certain evidence of other crimes of a sexual nature involving Johnson and three other teenaged girls, D.W., C.E., and C.W. Johnson argues vigorously, and rather persuasively, that the jury should never have heard this evidence. He contends that it was offered to prove a criminal disposition on his part rather than for one of the limited reasons recognized in *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), and its countless progeny. The trial court held, however, that this evidence was admissible under a long-established *Drew*-type exception (though not specifically mentioned in *Drew* itself) which allows proof of a defendant's past sexual misconduct, similar to the sexual misconduct for which he is being tried, in order to show that he has an "unusual sexual preference." *See, e.g., Pounds v. United States*, 529 A.2d 791, 793–794 (D.C. 1987); *Adams v. United States*, 502 A.2d 1011, 1015 (D.C.1986).[4]

◼ While Johnson contends that this exception should at least be limited to prior misconduct involving the same victim, there is one case from this court which squarely holds otherwise: *Dyson v. United States*, 97 A.2d 135 (D.C.1953). Indeed, *Dyson* is the only case which expressly holds "that evidence of separate [sexual] acts with different persons may be received in cases of this type." *Id.* at 138. It may well be that *Dyson* would have been decided differently if it had come before this court today rather than thirty-nine years ago. Nevertheless, *Dyson* is binding on us unless and until it is overruled by this court en banc. *M.A.P. v. Ryan*, 285 A.2d 310, 312 (D.C.1971). We hold, on the authority of *Dyson*, as we must, that the challenged evidence was properly admitted.

*Ali v. United States*, 520 A.2d 306 (D.C. 1987), cited by our dissenting colleague, is distinguishable from this case because in *Ali* the government and the trial court had relied on the "common scheme or plan" exception under *Drew v. United States*, *supra*, as a basis for admitting the challenged evidence. On appeal the government shifted its position and, for the first time, argued that *Dyson* made the evidence admissible. This court held that the *Dyson* argument came too late:

> This argument was not made at trial, and we decline to retroactively approve the ruling of the trial judge on the basis of a rationale that he did not apply and whose applicability was not open to challenge by the defendant.

520 A.2d at 312 (citation omitted). Judge Pryor made the same point in his concurring opinion, *id.* at 316. In the instant case, however, the trial court specifically

---

**2.** D.C.Code § 22–3501 (1989).

**3.** After these cases were argued, Johnson filed another motion in the trial court for relief under D.C.Code § 23–110, raising a previously unraised claim that his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), had been violated. At the request of Johnson's counsel, we held these appeals in abeyance pending a ruling by the trial court on the new § 23–110 motion. That motion was later denied, and no appeal was taken from the

denial. The instant appeals are thus ripe for decision.

**4.** At a pre-trial hearing, the court expressly relied on this exception in denying Johnson's motion to exclude evidence of other crimes. Later, in its instructions, the court told the jury that it could consider the evidence at issue only insofar as it showed that Johnson had "an unusual preference for having sexual relations with young girls."

ruled before trial that the "unusual sexual preference" exception applied, citing *Adams* and other cases. See note 4, *supra.*

■ We reject Johnson's ancillary argument that the trial judge failed to find by clear and convincing evidence that the prior crimes had occurred. The judge was aware from the outset that this was the requisite standard of proof and said so on the record.[5] Johnson's challenges to the evidence on this ground are really nothing more than attacks on the witnesses' credibility. By allowing the jury to hear their testimony, the judge implicitly found[6] by clear and convincing evidence that they were credible, *i.e.,* that the prior incidents had in fact taken place. We cannot second-guess that finding, for it was his alone to make. *See* D.C.Code § 17–305(a) (1989).

## II

■ One of the defense witnesses, S.K., another teenaged girl, testified that Johnson was her godfather and that she had occasionally spent the night in his apartment. Later, during the cross-examination of another defense witness, G.R., a woman with two young daughters, the prosecutor asked her whether she was "concerned that your daughters were spending so much time with [Johnson] because you had heard rumors that he was having an affair with [S.K.]" The witness denied this, and reiterated her denial when the prosecutor asked a second question along the same line. The prosecutor then impeached G.R. with her grand jury testimony, but none of that testimony showed that she had heard any such rumors. A short time later, the judge called counsel to the bench and chastised the prosecutor for injecting such highly prejudicial matter into the trial without having any basis for his questions in the grand jury transcript. Defense counsel pointed out that there was in fact such testimony in the grand jury transcript, but that the prosecutor had not referred to it in questioning the witness. The court remarked that this information was irrelevant in any event and instructed the jury that there was no evidence that S.K. was having an affair with Johnson.

■ Johnson now contends that the prosecutor's questions to G.R. were so improper as to necessitate reversal. We agree that the prosecutor was on very thin ice in asking these questions, but we note that defense counsel never objected, even at the bench, to this line of questioning. Consequently, Johnson cannot obtain reversal on this ground unless he can demonstrate plain error affecting his substantial rights. *Watts v. United States,* 362 A.2d 706, 709 (D.C.1976) (en banc). He has not done so. We are not persuaded that the prosecutor's questions gave rise to plain error, especially in light of the judge's prompt curative instruction.[7]

## III

Finally, Johnson maintains that the trial judge erred in denying his motion under D.C.Code § 23–110 without a hearing. The motion was based on a claim of ineffective assistance of counsel. The trial judge de-

---

5. At the pre-trial hearing on Johnson's motion to exclude evidence of other crimes, the judge said that he would, if requested, examine all the other-crimes witnesses out of the presence of the jury "before they testify in front of the jury."

   First, I would have to determine that there is clear and convincing evidence to believe that Mr. Johnson did what they allege that he did. And second, I would also want to be able to make a judgment with actual testimony in front of me that the probative value of the evidence that they offer does outweigh the prejudice to Mr. Johnson.

   No request was ever made, however, for such a hearing out of the presence of the jury, and thus none was ever held.

6. Although the trial judge did not explicitly make a "clear and convincing" finding on the record, Johnson does not challenge his failure to do so. Indeed, he appears to concede that the judge made the requisite finding implicitly, for he argues in his brief that "the trial court abused its discretion in finding that the government had met its burden...."

7. Johnson also contends that the trial court abused its discretion in denying his motion to sever those counts involving one victim from those involving the other. We find no abuse of discretion. *See Cox v. United States,* 498 A.2d 231, 235 (D.C.1985); *Crisafi v. United States,* 383 A.2d 1, 3 n. 2 (D.C.), *cert. denied,* 439 U.S. 931, 99 S.Ct. 322, 58 L.Ed.2d 326 (1978).

nied it in a thorough and well-reasoned order which addressed each specific point raised in the motion. We are in general agreement with that order. We hold, as did the trial judge, that none of Johnson's claims, considered separately or together, were sufficient to require a hearing because, even if true, they did not meet the test for ineffective assistance established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

## IV

We affirm the judgment of conviction on the merits, but, as requested by the government, we remand the case to the trial court with directions to vacate the two convictions of enticing a minor child, N.P. *See* D.C.Code § 22–3501(d) (1989). We also direct the trial court to vacate those convic-tions of carnal knowledge and assault with intent to commit carnal knowledge which are merged into rape convictions under other counts of the indictment. *See Brown v. United States*, 576 A.2d 731 (D.C.1990). We affirm the order denying the motion to vacate sentence under D.C.Code § 23–110.

*Affirmed on the merits, remanded in part with directions.*

MACK, Senior Judge, dissenting.

I respectfully dissent. *See Ali v. United States*, 520 A.2d 306, 308–313 (D.C.1987).