## FRANCIS BRUNNER *v.* STATE OF MARYLAND.

[No. 31, January Term, 1928.]

*Decided April 4th, 1928.*

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Samuel A. Lewis,* for the appellant.

*Thomas H. Robinson, Attorney General, Herbert Levy, Assistant Attorney General, William M. Storm, State's Attorney for Frederick County,* and *Walter E. Sinn, Acting State's Attorney for Frederick County,* for the State.

DIGGES, J., delivered the opinion of the Court.

The appellant, Francis Brunner, was convicted by a jury in the Circuit Court for Frederick County on the 12th day of October, 1927, and on the 14th day of October, 1927, was sentenced by the court to be confined in the Maryland House of Correction for the period of four months, and to

pay a fine of $200 and costs of prosecution. The indictment charging the offense of which the traverser was convicted contains three counts:

"The Grand Jurors of the State of Maryland, for the body of Frederick County, upon their oaths do present that Francis Brunner, late of the said county, on or about the first day of June, in the year of our Lord nineteen hundred and twenty-seven, at the county aforesaid, unlawfully did sell alcoholic, spirituous, vinous, fermented, distilled, malt liquors and intoxicating bitters, liquid mixtures and preparations, which will produce intoxication, to wit: three pints of whiskey to Kenneth Kling, contrary to the form of the act of assembly in such case made and provided, and against the peace, government and dignity of the state. Second Count: And the Grand Jurors aforesaid, on their oaths do further present that the said Francis Brunner, late of said county, on or about the said day and in the said year, at the county aforesaid, unlawfully did sell alcoholic, spirituous, vinous, fermented, distilled, malt liquors and intoxicating bitters, liquid mixtures and preparations, which will produce intoxication, to wit: three pints of liquid mixtures and preparations to Kenneth Kling, contrary to the form of the act of assembly in such case made and provided, and against the peace, government and dignity of the state. Third Count: And the Grand Jurors aforesaid, upon their oaths do further present that the said Francis Brunner, late of said county, on or about the said day and in the said year, at the county aforesaid, unlawfully did deposit, keep and have in his possession in the said Frederick County, a certain quantity of alcoholic, spirituous, vinous, fermented, distilled, malt liquors and intoxicating bitters, liquid mixtures and preparations, which will produce intoxication, with intent then and there to sell, transport for sale, dispense and otherwise dispose of the same, contrary to the form of the act of assembly in such case made and provided and against the peace, government and dignity of the state."

To this indictment a demurrer was entered in behalf of the traverser to each and every count, which was overruled. The appeal is from the judgment and sentence entered on the verdict, and brings before us for consideration the legality of the indictment as raised by the demurrer. The single error alleged in the indictment is that the time of the commission of the offense is set forth as "on or about the first day of June, 1927," the appellant contending that the statute requires that an indictment state specifically the day upon which the offense is alleged to have been committed.

At common law it was generally held to be necessary to allege the offense on a day certain, although there are decisions, particularly in the State of Connecticut, holding that even at common law an allegation that an offense has been committed "on or about" a definite date was good, upon the theory that the words "or about" were surplusage. The common law rule has been changed or modified by statute in many of the states of the Union, and in Maryland this change or modification is expressed in section 553 of article 27 of the Code, which provides: "No indictment or presentment for felony or misdemeanor shall be quashed, nor shall any judgment upon any indictment for any felony or misdemeanor, or upon any presentment, whether after verdict, by confession or otherwise, be stayed or reversed * * * for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, or for stating the offense to have been committed on a day subsequent to the finding of the indictment, or making the presentment, or on an impossible day or on a day that never happened, or by reason of any mere defect or imperfection in matters of form which shall not tend to the prejudice of the defendant."

A mere reading of the provision of this section is sufficient to determine the question raised in the case. While, as far as we have been able to discover, there is no decision of this court directly determining the sufficiency of an indictment alleging the time of the offense as being "on or about" a certain date, the section above quoted has been construed

frequently. In the case of *Allen v. State,* 128 Md. 265, the appellant was indicted for bastardy, in which indictment, after charging that the fornication was committed on the first day of December, 1914, it was averred that the illegitimate child thus begotten was born alive on the first day of December, 1915. The indictment was found on October 14th, 1915, and it was contended that it was fatally defective in alleging that the child was born on a day which had not then arrived, and which would occur twelve months after the time of conception, beyond the longest period of pregnancy. The court, speaking through Judge Urner, after quoting what is now section 553 of article 27 of the Code, stated: "This provision furnishes such an explicit and conclusive answer to the objection raised in this case as to make its further discussion unnecessary." In the case of *Hill v. State,* 143 Md. 358, the traversers were indicted for rape and assault with intent to commit rape, the date alleged in the indictment being June 2nd, 1922, whereas the evidence showed the offense to have been committed on April 2nd, 1922. The court, in disposing of the question there raised, said: "The theory of the first and second bills of exception is that there was a fatal variance as to the time between the allegation in the indictment and the evidence, under the circumstances of this case. It must be conceded, however, that the general rule is that unless time is of the essence of the offense, 'it is sufficient if it be laid at any time before the finding of the indictment and within the period of limitation which may be prescribed for that particular offense.' 10 *Ency. Pl. & Pr.* 511; 22 *Cyc.* 313; 1st *Wh. Cr. Proc.* (10 ed.), sec. 162; *Capritz v. State,* 1 Md. 569, 574; 22 *R. C. L.* 1195." The court then, after quoting the section of the Code involved, went on to say: "That section shows the policy of this State in connection with such matters." In 31 *C. J.* 682, 683, it is stated: "At common law, since it was held necessary to allege an offense to have been committed on a day certain, an allegation that an offense was committed 'on or about' a certain day was regarded as insufficient. But under the statutes now generally prevalent, rendering a statement of the precise time

of the offense immaterial, save where the time is an ingredient of the offense, together with statutes providing that the indictment shall not be held invalid for formal defects, it is usually sufficient to state that the offense was committed on or about a particular day." This statement of the author is supported by decisions in the federal courts and the States of Arkansas, California, Connecticut, Iowa, Indiana, Kentucky, Montana, Nebraska, New York, Ohio, Texas, Washington and Wyoming. The same rule is stated in slightly different language in 14 *R. C. L.* 179, 180, where it is said: "This general rule as to the necessity for allegation as to the time of the commission of the offense is not affected by a statute declaring that no indictment shall be quashed on account of any defect in form, though it is modified in some jurisdictions by statutes under which no averment of time is needed unless that is an essential element of the crime charged. * * * Under statutes providing that the precise date is not essential unless time is a material ingredient of the offense, it has been held that the use of the words 'on or about' is sufficient where time is not a material ingredient. * * * The precise time at which the offense is charged to have been committed is not material, unless time is of the essence or gist thereof. While the indictment must state the time, the proof need not be confined to that time, and it is only necessary to show that the offense was committed prior to the finding of the indictment, and within the period of limitations." In 7 *Ann. Cas.* 775, in a note to the case of *Morgan v. State*, the author states: "In many states it is provided by statute that the precise date of an offense is not essential to the sufficiency of an indictment unless time is a material ingredient of the offense. Under such a provision it is held that the use of the words 'on or about' is sufficient in alleging the date of the offense where time is not a material ingredient of the offense. * * * In some states, under a statutory provision that no indictment shall be deemed invalid for stating the time imperfectly, where time is not of the essence of the offense, it is held that the words 'on or about' are sufficient in alleging the date of the commission

of the offense charged. *U. S. v. McKinley,* 127 Fed. Rep. 168; *Brown v. State,* 16 Neb. 659, 21 N. W. 454; *Rema v. State,* 52 Neb. 375, 72 N. W. 474; *Gustavenson v. State,* 10 Wyo. 300, 68 Pac. Rep. 1006."

The authorities are clear that, under a statute such as section 553 of article 27, which provides that no indictment shall be quashed, or judgment stayed or reversed, for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, an indictment charging the sale of intoxicating liquor, the date not being an essential ingredient of the offense, "on or about" June 1st, 1927, filed September 21st, 1927, well within the period of a year—the statute of limitation in such cases—is sufficient. It follows that there was no error in overruling the demurrer to the indictment and that action must be affirmed.

*Judgment affirmed, with costs to the appellee.*