BALTIMORE TRANSIT COMPANY ET AL. v.
PRESBERRY ET AL.

(Three Appeals in One Record)

[No. 152, September Term, 1963.]

*Decided January 16, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRES-COTT, MARBURY and SYBERT, JJ.

*John E. Boerner,* with whom was *Edward J. Thompson* on the brief, for the appellants.

*Lawrence B. Coshnear,* with whom was *Sidney Goldscheider* on the brief, for Orlando J. Presberry, one of the appellees.

*James W. Murphy* (no brief filed) for Beulah Cavan and Rex Gentry, the other appellees.

HENDERSON, J., delivered the opinion of the Court.

These three appeals in one record are from judgments rendered in consolidated cases alleging negligence in a collision between a bus and an automobile. At 9:30 P.M. on September 28, 1958, the bus, driven by Butler, was proceeding south on Maryland Avenue, in the second lane from the west curb. When more than halfway through the intersection of Mt. Royal Avenue it struck a 1951 Hudson owned and driven by Beulah Cavan travelling east on Mt. Royal Avenue. Maryland Avenue is one way southbound, 38 feet wide, with four traffic lanes; Mt. Royal is 73 feet wide having three lanes east and three west with a median strip three feet wide. The point of impact was fixed at 48 feet south of the north curb of Mt. Royal Avenue and 17 feet east of the west curb of Maryland Avenue. The car was struck on its left side and knocked sideways by the impact about 20 feet. The intersection is controlled by traffic signals. When the light is green for traffic one way it is red for the other, and vice versa, the pattern being green-amber-red and back to green. There was no evidence as to the time intervals.

In one suit, Presberry, a passenger on the bus, sued the Transit Co., its driver Butler, and Mrs. Cavan. Mrs. Cavan and her cousin Gentry, a passenger in her car, in separate counts sued the Transit Co. and Butler. The Transit Co. counterclaimed for stipulated damage to its bus against Cavan. At the conclusion of all the evidence the court denied motions for directed verdicts and the jury returned verdicts in favor of Presberry against the Transit Co. and Butler; and in favor of Cavan as defendant in that case; in favor of both Cavan and Gentry against the Transit Co. and Butler; in favor of Cavan in the claim against her by the Transit Co. On motions for judgment N.O.V. the court denied the motions in the Pres-

berry and Gentry cases and in the Transit Co. counterclaim, but granted the motion in the Cavan case on the ground of her contributory negligence. The court declined to enter a joint judgment against Cavan in the Presberry and Gentry cases.

The Transit Co. contends that there was no legally sufficient evidence to establish negligence on the part of its driver, or conversely, that the evidence clearly established that negligence on the part of Mrs. Cavan was the sole proximate cause of the accident. The law is clear that the mere fact that Mrs. Cavan had a green light did not relieve her from the duty of giving way to vehicles already lawfully in the intersection. *Valench v. Belle Isle Cab Co.*, 196 Md. 118, 123; Code (1957), Art. 66½, sec. 193; Note, 13 Md. L. Rev. 350. It is equally clear that, if she had a green light, she was not obliged to anticipate that another vehicle would enter unlawfully against a red light. *Eastern Contractors v. State*, 225 Md. 112, 121. On the other hand, if the bus driver entered on a green light, he had a right to continue across and complete the passage even as against vehicles having a green light. *Eisenhower v. Balto. Transit Co.*, 190 Md. 528, 534, and cases cited.

The bus driver testified he was in the middle of the intersection when he saw the car entering. He had entered on a green light, and at a speed of from 10 to 15 m.p.h. Coleman, a bay pilot who was on the sidewalk, corroborated Butler's statement. He testified that he did not observe the lights until he heard the crash, but saw then that the light was green and did not change to red, for traffic going south on Maryland Avenue, until 10 seconds after the crash. Presberry, the only passenger on the bus, did not observe the lights, or see the car before the collision. He testified the bus was going at a normal rate of speed.

Mrs. Cavan testified she stopped about two car lengths short of the intersection to let her former husband out. The light was red at that time. The light turned green and she went on. Later, she said it changed as she started toward the intersection. She did not see the bus until after she was in the intersection, at which time she was travelling at about 15 m.p.h. In cross-examination she said the light turned green when she was "three or four feet" from the intersection. When recalled

she said she did not know when the light turned, but only knew it was green when she entered the intersection. Mr. Cavan testified that after he got out of the car, about two car lengths from the intersection, he followed the car down to the crossing, instead of going through the cars parked at the curb. He observed that the light was green when the car entered the intersection. He had not looked at the light before. Gentry, who was sitting in the front seat, testified the light was red when they let Mr. Cavan out. He saw the light turn green "when we went to pull out." He also said: "after I looked at the green light we started through and I happened to glance across * * * and he was right on top of us." He later testified he saw the light change while the car was stopped.

The appellees rest their entire case upon a mathematical calculation designed to show that the bus entered the intersection on a red light despite the direct testimony to the contrary. The fallacy in the argument is that it is based upon a false premise. It is undisputed that the bus travelled 48 feet from the curb to the point of impact while the car travelled 17 feet from the curb to the point of impact. At anything like the same relative speeds, the bus was first in the intersection. If both vehicles were travelling at 15 m.p.h. the bus would have been at the center of the intersection when the car entered, as Butler testified. The appellees seek, however, to select portions of the testimony of Mrs. Cavan and Gentry, to bolster an inference that the bus entered on a red light.

What was said by Judge Markell, for the court, in *Kaufman v. Baltimore Transit Co.,* 197 Md. 141, 145, is apposite here: "But if any witness's testimony is itself so contradictory that it has no probative force, a jury cannot be invited to speculate about it or select one or another contradictory statement as the basis of a verdict. *Eisenhower v. Baltimore Transit Co.,* [supra], * * *. Testimony at the trial which is later corrected by the witness cannot go to the jury as against the later correction." See also *U. S. F. & G. v. Baking Co.,* 172 Md. 24, 33 and *Olney v. Carmichael,* 202 Md. 226, 232. Mrs. Cavan's last, and corrected, statement was that she knew the light was green when she entered the intersection but did not know when it had turned green. Gentry's testimony was somewhat more

definite, but even if we assume that the light turned green when the car was "about" two car lengths away, this would only mean that the bus and car were equidistant from the point of impact when the light changed, and would not establish, beyond speculation, that the bus entered on a red light. The burden is upon a proponent to establish negligence. Where evidence permits several inferences equally probable, a proponent must eliminate the exculpatory ones. See *Joffre v. Canada Dry, Inc.,* 222 Md. 1, 8 and cases cited. See also *Langville v. Glen Burnie Coach Lines,* 233 Md. 181. We think the evidence of primary negligence on the part of the Transit Co. was legally insufficient. We agree with the trial court that negligence on the part of Mrs. Cavan was established as a matter of law. Neither she nor Gentry saw the bus or its lights until the moment of impact.

> *Judgments in the Presberry and Gentry cases reversed and entered in favor of the Transit Co. and Butler;*
>
> *Judgment in the counterclaim reversed and entered in favor of the Transit Co. against Mrs. Cavan in the amount of $209.69;*
>
> *Judgment in the case of Mrs. Cavan in favor of the Transit Co. and Butler affirmed;*
>
> *Costs to be divided and paid one-half by Mrs. Cavan and one-fourth each by Presberry and Gentry.*

HAMMOND, J., filed the following dissenting opinion.

If I had been a juryman I might well have reached the same result the court did in this case at the end of the same ratiocinations availed of by the majority. I have not been persuaded by the majority opinion, nor have I been able to persuade myself as an appellate judge, that there is not evidence in the record which would have permitted me as a juror properly to have found that the transit company bus entered the intersection on a red traffic light and I am, therefore, constrained to dissent.

If the testimony most fairly favorable to the appellees is reviewed, the jury could reasonably have found the following.

The bus driver, going south on Maryland Avenue, pulled in towards the pavement ten feet north of Mt. Royal Avenue in anticipation of picking up a passenger usually there. Seeing she was not there, he looked at the light which, he says, was then green. The speed of the bus was then fifteen miles an hour and the driver stepped on the gas to get across the intersection. Then the accident happened "so fast." The driver applied his brakes five feet north of the center strip or about thirty-five or thirty-six feet south of the north curb line of Mt. Royal Avenue. The point of impact, as determined by the policeman, was forty-eight feet south of the north curb line or twelve or thirteen feet beyond the point of application of the brakes. The bus pushed the Cavan car sideways for a distance of twenty feet south (as the rub marks measured by the policeman showed) and the bus and the car, in contact, came to rest at about the southwest curb line of Maryland and Mt. Royal Avenues, some thirty-three feet from where the brakes were first applied.

Mrs. Cavan and Mr. Cavan both testified the light was green for the Cavan car when it entered the intersection. If their testimony be given no more weight than the majority gives it (and I think Mrs. Cavan's testimony that she stopped her car two or three car lengths west of Maryland Avenue and that the light was green for her when she was three or four feet west of Maryland Avenue and when she went into the intersection, remained essentially unimpaired), there remains the flat, explicit and unshaken testimony of Mr. Gentry, the passenger

in the Cavan car: that while the car was at rest two car lengths west of Maryland Avenue after discharging Mr. Cavan, the light was red for Mt. Royal Avenue traffic; that while the car was still motionless he looked up and saw the light had changed to green; and that thereupon he said to Mrs. Cavan "let's go" and the car started up and went into the intersection on the same green light. Some seventeen feet from the west curb line of Maryland Avenue it was struck by the bus.

If the jury accepted the evidence most favorable to the appellees, it would have found—from (a) the bus driver's testimony that he accelerated from the fifteen miles an hour he was going ten feet north of the intersection in order to cross the intersection and (b) the fact the bus went twelve or thirteen feet under brakes before impact (while the car was not, apparently, braked at all) and then pushed the car sideways for twenty feet —that the bus was going at a much faster rate of speed than the car. Similarly, it could have found that the Cavan car went from a standing start some fifty-two or fifty-three feet while the bus was going but forty-eight feet. The speed of the Cavan car could have been found from the testimony not to exceed fifteen miles an hour. Since the light was already green before the car started, it would have taken at least some three seconds for the car to travel the fifty-two or fifty-three feet to the point of impact. At fifteen miles an hour the bus would have gone sixty-six feet in those three seconds, at twenty miles an hour, eighty-eight feet, and at thirty miles an hour, one hundred thirty-two feet. If the police testimony as to the point of impact (and the pushing of the car sideways for twenty feet) is believed and the Gentry testimony is believed, the bus had to have been well back of the north curb of Mt. Royal Avenue when the light turned red against it, and to have entered on the red. Whether the transit company driver was negligent was for the jury to determine and its determination fairly could have been that he was. *Campbell v. State,* 203 Md. 338; *Cogswell v. Frazier,* 183 Md. 654. *Cf. Eastern Contractors v. State,* 225 Md. 112, 121.