## STONEWALL JACKSON *v.* STATE OF MARYLAND

[No. 1, September Term, 1974.]

*Decided July 26, 1974.*

258

The cause was argued before GILBERT, MENCHINE and DAVIDSON, JJ.

*Harold Buchman* for appellant.

*James I. Keane, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City* and *Thomas Howard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

Stonewall Jackson, appellant, was convicted by a jury in the Criminal Court of Baltimore of robbery with a dangerous and deadly weapon, Md. Ann. Code Art. 27, § 488, and was sentenced to ten years incarceration under the supervision of the Division of Correction.

In this Court Jackson complains, *inter alia,* that his conviction should be reversed because of the trial judge's erroneous instruction to the jury as to the "burden of proof" when the defense of alibi is raised. For the reasons hereinafter stated, we agree with Jackson's contention, reverse the judgment of the Criminal Court and remand the case for a new trial.

James Bland, the prosecuting witness, was robbed at gunpoint on the evening of October 26, 1972 by a group of five young men. As a result of a description furnished to the police, Bland was shown various photographs from which he identified Jackson as one of the robbers. Jackson was subsequently apprehended and charged with the offense. Although there were witnesses called to testify as to the validity, *vel non,* of the photographic identification procedure, as well as an in-court identification made in the

District Court of Maryland at the time of the preliminary hearing, Bland was the only witness for the State on the question of Jackson's culpability. Jackson testified that he knew nothing of the offense of which he was charged and stated that at the time of the robbery he was at his girlfriend's house. Jackson said that he recalled the specific hour and date because his girlfriend was pregnant, and he went to her home to ascertain what her plans were in respect to the pregnancy.

At the conclusion of the evidence the State requested an advisory instruction regarding the defense of alibi. The instruction was granted by the trial judge over the strenuous objection of Jackson's counsel. The judge advised the jury:

> "The defendant has offered testimony designed to establish an alibi. An alibi is a defense arising from proof that the defendant was elsewhere at the time the crime was committed, and therefore, he could not be the guilty person, and it is a proper and legitimate defense.
>
> You should consider the testimony offered to prove an alibi, and if you have a reasonable doubt that the defendant was elsewhere when the crime was committed, the defendant is entitled to the benefit of that doubt and should be found not guilty.
>
> The presence of the defendant at the time and place of the criminal act is not to be presumed until he succeeds in shaking off that suspicion, because where the presence of the defendant at the commission of the crime is essential to his conviction, the State must establish this fact beyond a reasonable doubt.
>
> *However, it is the defendant who has the burden of proving an alibi defense, and must do so by a preponderance of the evidence and not beyond a reasonable doubt. Preponderance of evidence means more likely than not.* In order to prove an

alibi, the testimony must cover the whole time during which the crime by any possibility might have been committed, and must show that he could not, with ordinary exertion, have reached the place where the crime was committed so as to have participated in the commission of the crime; and the defensive alibi should be subjected to rigid scrutiny.

All of the evidence in a criminal case is to be considered together, and you are not to weigh merely the evidence relating to the alibi and determine from that alone whether you have a reasonable doubt of guilt. So, the defendant is entitled to acquittal if the alibi testimony, taken into consideration with all the other evidence in the case, raises a reasonable doubt of guilt.

But, the jury is not bound to accept alibi testimony, and it is not necessary for the State to contradict such testimony." (Emphasis supplied).

Appellant's counsel excepted to the court's alibi instruction. *See* Md. Rule 756 f. The italicized portion of the trial judge's advisory jury instructions is in direct conflict with the recent decision of this Court in *Robinson v. State*, 20 Md. App. 450, 316 A. 2d 268 (1974).[1] In *Robinson* Judge Moylan, writing for this Court, said at 459:

"We think the sound view to be that an alibi is not an affirmative defense, placing any burden upon a defendant beyond the self-evident one of attempting to erode the State's proof to a point where it no longer convinces the fact finder beyond a reasonable doubt. Proof of an alibi, like any other defense testimony, is simply a means of controverting the State's effort to establish criminal agency."

Cited in *Robinson v. State, supra,* was *Stump v. Bennett*, 398

---

1. Robinson, *supra,* was decided on March 13, 1974, the trial in the instant case was concluded on May 9, 1973.

F. 2d 111 (8th Cir. 1968), wherein the court pointed out that an instruction concerning the burden of proof of an alibi by the preponderance of the evidence is inconsistent and confusing. The court said, at 116 :

" . . . The jury is told that before it can acquit the defendant by reason of [an alibi] defense the defendant must establish it by the preponderance of evidence. Yet the jury is also told that if *any* evidence creates a reasonable doubt as to the crime as a whole, then it can return a verdict of not guilty. This court, of course, has consistently adhered to the general rule that instructions are to be viewed in their entirety. . . . But even when so viewed, the presence of serious confusion here as to burden of proof seems inescapable."

The *Stump* court asked the rhetorical question that if the jury followed the trial judge's instructions, which of the two conflicting instructions did it follow — the preponderance of evidence instruction in regard to the defense of alibi, or guilt beyond any reasonable doubt?

Judge Moylan noted in *Robinson, supra,* that Chief Justice Schaefer, for the Supreme Court of Illinois, put the matter in proper perspective in *People v. Pearson,* 19 Ill. 2d 609, 169 N.E.2d 252 (1960), when he wrote, at 613-14:

"In part, the extraordinary difficulties that have arisen with respect to instructions concerning alibi stem from the fact that the defense of alibi has often been spoken of as an affirmative defense . . . . Logically, proof of an alibi is not proof of an affirmative defense because in order to establish its case the prosecution must show that the defendant was present at the scene of the crime, and evidence that the defendant was elsewhere is only one method of negativing the prosecution's case. So where an instruction has unequivocally placed upon a defendant the burden of establishing an alibi, the conviction has been reversed. . . . To say that the burden is upon the defendant to establish an alibi

can be accurate only if the term 'burden' is used in the sense of the requirement of going forward with evidence. But if that is all that is intended, any reference in an instruction to a burden upon the defendant is improper because it is never necessary or appropriate to mention to a jury the burden of going forward with the evidence. Quite apart from the matter of instructions to the jury, to think or speak of alibi in terms of an affirmative defense can only cause confusion. The ease with which alibi testimony can be fabricated, and its obvious capacity to surprise, may make appropriate some advance notice of such defense, but that is a different matter."

In 1 *Wharton's Criminal Evidence* § 23 (13th ed. 1972), it is stated:

"There is some conflict as to the burden and degree of proof of the defense of alibi. Some of this conflict may undoubtedly be explained by a failure to recognize the distinction between the burden of proof and the burden of going forward with the evidence. Because the burden of presenting evidence of a fact peculiarly within the defendant's knowledge may be placed upon him, it is proper to hold that the defendant must in the first instance go forward with evidence in support of his claim of alibi. The matter is to a large degree academic because, in spite of variant forms of expression, it is generally held that the ultimate burden of proving the presence of the defendant at the scene of the crime at the time of its commission is upon the prosecution, rather than that the ultimate burden is upon the defendant to show that he was at another place. The defendant may succeed simply by raising a reasonable doubt of his presence at the scene of the crime at the time it was committed. *It is not necessary for the defendant to prove his alibi beyond a reasonable doubt, nor by a*

*preponderance of the evidence."* (Footnotes omitted). (Emphasis supplied).

There appears to be some confusion among the Bench and Bar that a defendant in a criminal case who raises the defense of alibi has, *ipso facto*, placed upon him the burden of proof of establishing his alibi by a preponderance of the evidence. Such, of course, is not the case. *Robinson v. State, supra.* The popular, albeit erroneous, belief concerning an alibi defense apparently stems from a tendency to believe that an "alibi defense" is an "affirmative defense" thus carrying a burden of proof, but it is not. An affirmative defense is one that concedes the basic position of the State but, nevertheless, asserts that the accused is not guilty, *e.g.*, self-defense. An affirmative defense requires the person asserting it to establish its existence by a preponderance of the evidence. *Davis v. State,* 237 Md. 97, 205 A. 2d 254 (1964); *Chandler v. State,* 7 Md. App. 646, 256 A. 2d 695 (1969); *Morris v. State,* 4 Md. App. 328, 242 A. 2d 582 (1968); *Long v. State,* 3 Md. App. 638, 240 A. 2d 620 (1968). When the State charges that a particular individual committed a certain violation of the Criminal Laws it assumes an obligation to establish that individual's guilt of the offense charged beyond a reasonable doubt. The State carries its burden throughout the entire trial, and its onus of proof as to the substantive offense charged is never lifted from its shoulders and shifted to the accused. An alibi defense, on the other hand, merely requires an accused to go forward with such exculpatory evidence as he may wish to present for the trier of fact to consider in determining whether the State has met its burden. The trial judges are cautioned not to instruct that an accused has the "burden of proof" of establishing alibi because such an instruction is wrong. Moreover, an instruction that places the "burden" upon an accused to prove by a preponderance of the evidence his alibi, may effectively erode the only defense available to an accused, and thus, cause him to stand naked and defenseless before the State's accusation.

It is for the trier of fact, be it a judge in a non-jury trial or the jury, to ascertain whether the alibi testimony, when

considered and weighed on the same scale as all other evidence in the case, creates a reasonable doubt of the defendant's guilt. *Floyd v. State,* 205 Md. 573, 581, 109 A. 2d 729, 732 (1954). *See also Basoff v. State.* 208 Md. 643, 655, 119 A. 2d 917, 923 (1956).

We do not agree with the State's contentions that the instruction, "under the facts of the case, was harmless error", nor that the issue has not been preserved for our review. The testimony, absent the question of alleged impermissibly suggestive identification, boils down to the credibility of the prosecuting witness, *vis a vis* the appellant. In sum, it is a "Yes, you did" versus "No, I didn't" type of confrontation. We cannot hold that the jury should have believed the prosecuting witness over the accused as it is not our function to judge the credibility of witnesses nor to weigh the evidence. *James v. State,* 14 Md. App. 689, 288 A. 2d 644 (1972); *Wilkins v. State,* 11 Md. App. 113, 273 A. 2d 236 (1971); *Gardner v. State,* 8 Md. App. 694, 261 A. 2d 799 (1970); *Bromwell v. State,* 8 Md. App. 382, 259 A. 2d 577 (1969). We think Jackson's counsel's exception to the trial court's instruction obliquely, at the very minimum, preserved the issue for our review. Furthermore, were it not preserved, it would be, under *Robinson v. State, supra,* plain error material to the rights of the accused of which we would be cognizant. Md. Rule 756 g.

Because of our holding in respect to the jury instruction, it is unnecessary for us to consider the other issue raised by appellant.

*Judgment reversed.*
*Case remanded for a new trial.*