CLAYTON EARL DANIELS A/K/A THOMAS MOORE
*v.* STATE OF MARYLAND

[No. 310, September Term, 1974.]

*Decided December 18, 1974.*

The cause was argued before ORTH, C. J., and MOYLAN and LOWE, JJ.

*Jeffrey I. Goldman,* with whom was *Roland Walker* on the brief, for appellant.

*Arrie W. Davis, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Walter F. Balint, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

On 18 September 1973 in the Criminal Court of Baltimore a jury convicted CLAYTON EARL DANIELS, also known as Thomas Moore, of murdering Ervin Pye wilfully and of deliberately premeditated malice aforethought, (1st count of indictment 17209160), of attempting to rob him with a deadly weapon (1st count of indictment 17209162), and of robbing John Cauthorne with a deadly weapon (1st count of indictment 17209161), all on 11 December 1972. On 9 January 1974, a life sentence, dating from 26 December 1972, to run concurrently with any sentence he was then serving, was imposed on the murder conviction, and, on each of the attempted robbery convictions and the robbery conviction, a sentence of 15 years to run concurrently with the life sentence was given. Daniels appealed from the judgments. We reverse them.

Daniels is unhappy with the way his guilt was determined. He claims that the trial court erred in four respects. We are constrained to share his concern, for under our system of criminal justice, the keystone of which is the presumption of innocence, guilt must be determined in accordance with established rules. If error is made reaching that determination, and if the error is not harmless, the accused is entitled to have the judgment against him reversed, and, at the least, to be tried again, or at the most, to stand free.

Of the four errors assigned by Daniels, we need consider only one, because it is dispositive of the appeal.[1] We find

---

1. Two of the alleged errors we do not reach concern the remarks by the prosecutor in his closing argument to the jury, and the third concerns the denial of a motion *in limine* as to certain photographs offered in evidence.

We note that the argument of the prosecutor was not included in the

reversible error in that portion of the judge's charge to the jury with respect to alibi evidence.

In charging the jury the judge told them that it was their duty to weigh the evidence and their right to believe or disbelieve all or any part of the testimony of witnesses. He explained:

> "[Y]ou have heard evidence of a statement of eye-witnesses — at least two eye-witnesses — and I instruct you that you are to weigh their testimony just as you would weigh the testimony of anyone else. The factors to be considered are, for instance, how well did they know the defendant, how long they had known him, and how easily or how difficult it was for them to recognize him under the conditions of the robbery, and to weigh the testimony of the eye-witnesses based upon that factor, and the manner in which they testified, and the demeanor in Court, and to give to their testimony what weight you believe is appropriate under all of the circumstances."

He then referred specifically to alibi witnesses:

> "You must apply an equal degree of test to the testimony of the alibi witnesses. *Alibi witnesses occupy a strange separate niche of their own in the weighing of evidence in a criminal case. The testimony of alibi witnesses are to be received carefully and subject to careful scrutiny on your part.* [2] You must consider their motive, just as you

---

record before us. It could have been reported under the provisions of Rule 32 of the Supreme Bench of Baltimore City. Since 1 July 1974, however, closing arguments of counsel in criminal cases are required to be reported by Maryland Rule 1224 d 1 (a).

The admission of photographs in evidence is generally within the discretion of the trial judge. *Carroll v. State*, 11 Md. App. 412; *Culver v. State*, 1 Md. App. 406. *See* Code, Art. 22, § 8.

2. In *Floyd v. State*, 205 Md. 573, 581, the Court said: "[I]n order to prove an alibi conclusively, the testimony must cover the whole time in which the crime by any possibility might have been committed, and it should be subjected to rigid scrutiny." It first observed, however: "But all the evidence in a criminal case is to be considered together, and the jury are not to weigh merely the evidence relating to the alibi and determine from that

consider the motive of the eye-witnesses, but the alibi must cover the entire time in which the crime took place, and *the burden of proof in this respect is upon the defendant to prove, not by a reasonable doubt, but a preponderance of the evidence, the authenticity and truthfulness of the alibi theory, and of the alibi witnesses.* Again, their demeanor in Court, and manner on the stand, and the impression which they made upon you are matters entirely for you to decide. The testimony of a single eye-witness, if believed, is enough to warrant a conviction. If you believed the alibi witnesses based upon these principles, then your verdict should point to innocence.

In other words, to sum it up, it is a careful weighing by you of the testimony of all of the witnesses whom you have heard, keeping in mind that eye-witnesses' testimony, based upon a number of factors, including their familiarity with the defendant, how long they have known him, how difficult or how less difficult or easy it was to identify him under these circumstances, and the alibi witnesses, of course, their testimony must be received with scrutiny and care because of the type of testimony that they are offering, whether it covers the entire time in which the crime was supposed to have taken place, and whether or not their testimony has proved to you by a preponderance of the evidence the truthfulness of the alibi." (emphasis added)

The State had no exceptions to the charge. The defense had several objections, one of which concerned the instruction on alibi evidence. Defense counsel said: "I would object to that instruction being given for the reasons that I don't think

---

alone whether they have a reasonable doubt of guilt. To warrant a conviction in a criminal case the charge must be proved beyond a reasonable doubt. * * * Thus a defendant is entitled to acquittal if the alibi testimony, taken into consideration with all the other evidence in the case, raises a reasonable doubt of guilt." (citations omitted)

that the case cited by Mr. Balint [Assistant State's Attorney] squarely held that that test was a matter of law to be applied to alibi witnesses in all cases." [3] The court replied:

> "Well, there was a flat statement as I read that part of the opinion and it should be regarded with careful scrutiny or rigid scrutiny or something like that."

The error was in that portion of the instruction in which the judge declared that the burden was on the accused to prove his alibi by a preponderance of the evidence. We observed in *Robinson v. State,* 20 Md. App. 450, 459, *cert. denied:*

> "We think the sound view to be that an alibi is not an affirmative defense, placing any burden upon a defendant beyond a self-evident one of attempting to erode the State's proof to a point where it no longer convinces the fact finder beyond a reasonable doubt. Proof of an alibi, like any other defense testimony, is simply a means of controverting the State's effort to establish criminal agency."

The *Robinson* opinion was filed after the trial here and the judge below did not have the benefit of it. We pointed out in *Robinson,* at 457, however, that the clear intimations of *Floyd v. State, supra,* at 581, were that "the alibi simply erodes the State's proof of criminal agency . . . ." *See also Basoff v. State,* 208 Md. 643, 655. We affirmed the *Robinson* holding in *Jackson v. State,* 22 Md. App. 257, and applied it to reverse the judgment because of instructions substantially the same as those here given. We explained, at 263-264, and deem it advisable to iterate what we then said:

> "There appears to be some confusion among the

---

**3.** Defense counsel observed that the case cited was *Floyd v. State, supra.* Apparently it was referred to when proposed instructions were discussed in the judge's chambers.

Bench and Bar that a defendant in a criminal case who raised the defense of alibi has, *ipso facto*, placed upon him the burden of proof of establishing his alibi by a preponderance of the evidence. Such, of course, is not the case. . . . The popular, albeit erroneous, belief concerning an alibi defense apparently stems from a tendency to believe that an 'alibi defense' is an 'affirmative defense' thus carrying a burden of proof, but it is not. An affirmative defense is one that concedes the basic position of the State but, nevertheless, asserts that the accused is not guilty, *e.g.*, self-defense. An affirmative defense requires the person asserting it to establish its existence by a preponderance of the evidence. . . . When the State charges that a particular individual committed a certain violation of the Criminal Laws it assumes an obligation to establish that individual's guilt of the offense charged beyond a reasonable doubt. The State carries its burden throughout the entire trial, and its onus of proof as to the substantive offense charged is never lifted from its shoulders and shifted to the accused. An alibi defense, on the other hand, merely requires an accused to go forward with such exculpatory evidence as he may wish to present for the trier of fact to consider in determining whether the State has met its burden. The trial judges are cautioned not to instruct that an accused has the 'burden of proof' of establishing alibi because such an instruction is wrong. Moreover, an instruction that placed the 'burden' upon an accused to prove by a preponderance of the evidence his alibi, may effectively erode the only defense available to an accused, and thus, cause him to stand naked and defenseless before the State's accusation.

It is for the trier of fact, be it a judge in a non-jury trial or the jury, to ascertain whether the alibi testimony, when considered and weighed on

the same scale as all other evidence in the case, creates a reasonable doubt of the defendant's guilt." (citations omitted)

In *Robinson* we found an instruction similar to that here to be a plain error of commission and took cognizance of it under Rule 756 g despite lack of objection at trial. 20 Md. App. at 457. In *Jackson* we thought the issue was preserved for appeal by objection below, but we observed, citing Rule 756 g: "Furthermore, were it not preserved, it would be, under *Robinson v. State, supra,* plain error material to the rights of the accused of which we would be cognizant." 22 Md. App. at 264. Thus, even if the objection here were not sufficient to preserve the point on appeal, we would consider it.

We have no difficulty in determining that in no event could the erroneous instruction be held to be harmless. At the moment of truth, the verdict of the jury depended upon whether they believed the two witnesses who identified Daniels as the felon or the witness who said he was in her company when the crime was committed. *See Jackson v. State, supra.* The weight to be given the evidence and the credibility of the witnesses were matters for the trier of fact. *James v. State,* 14 Md. App. 689; *Wilkins v. State,* 11 Md. App. 113. We may not usurp the function of the jury by holding that the eyewitnesses should be believed over the alibi evidence. Daniels is entitled to a new trial.

*Judgments reversed; case remanded for a new trial.*