## JOHN JOSEPH GRADY *v.* STATE OF MARYLAND

[No. 329, September Term, 1974.]

*Decided December 20, 1974.*

86

The cause was argued before Powers, Gilbert and Lowe, JJ.

*Joseph A. DePaul* and *James E. Kenkel*, with whom were *DePaul, Willoner & Kenkel, P.A.*, on the brief, for appellant.

*George A. Eichhorn, Assistant Attorney General*, with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County*, and *Elias Silverstein, Assistant State's Attorney for Prince George's County*, on the brief, for appellee.

Gilbert, J., delivered the opinion of the Court.

John Joseph Grady, appellant, was charged in Prince George's County, under a criminal information with three counts of perverted practices, Md. Ann. Code art. 27, § 554.

Each of the three counts alleged appellant's involvement with separate female victims, two of whom were age seven and one age nine. The information additionally charged three separate counts of assault and battery. Appellant was convicted by a jury on all six counts, and he was sentenced to three ten-year concurrent terms of imprisonment for the perverted practices charges.[1] The sentences were suspended and appellant was placed on probation for a period of five years.

The Court of Appeals in *Kucharczyk v. State*, 235 Md. 334, 201 A. 2d 683 (1964), announced at 337 what has become known as the *"Kucharczyk* Doctrine". *Kucharczyk* involved a conviction for an unnatural and perverted sex act and assault and battery. The prosecuting witness was a sixteen year old boy who had a full scale I.Q. of 56, and was characterized as "mentally deficient". On cross examination the young man testified contradictorily to the version that he had stated on direct examination. Judge Sybert, writing for the Court of Appeals in *Kucharczyk* adopted from civil cases the rule that if a witness's testimony is so self-contradictory as to lack probative force, the trier of fact may not be allowed to speculate as to which of the versions is true. *See Balto. Tr. Co. v. Presberry*, 233 Md. 303, 196 A. 2d 717 (1964); *Kaufman v. Baltimore Transit Co.*, 197 Md. 141, 78 A. 2d 464 (1951); *Slacum v. Jolley*, 153 Md. 343, 138 A. 244 (1927). In *Slacum* the Court said:

> "When a witness says in one breath that a thing is so, and in the next breath that it is not so, his testimony is too inconclusive, contradictory and uncertain to be the basis of a legal conclusion."

*See also Eisenhower v. Balto. Transit Co.*, 190 Md. 528, 59 A. 2d 313 (1948). Judge Sybert noted that while *Kucharczyk* involved a criminal case, nevertheless, the rationale of *Kaufman, Presberry, Slacum* and *Eisenhower* was apposite.

---

1. Sentence was not imposed upon appellant for the assault and battery convictions. The docket entries reveal merely that the court "suspended generally" the imposition of sentences upon the assault and battery charges.

Thus Kucharczyk's conviction was reversed because of the glaring inconsistencies in the prosecuting witness's testimony.

This Court, in *Bailey v. State*, 16 Md. App. 83, 294 A. 2d 123 (1972), speaking through Judge Moylan, said at 95-97:

"Despite the limited utility of the doctrine, the life of *Kucharczyk* has been amazing for the number of occasions on which and the number of situations in which it has been invoked in vain. *Kucharczyk* does not apply simply because a witness's trial testimony is contradicted by other statements which the witness has given out of court or, indeed, in some other trial. *Brooks v. Daley*, 242 Md. 185, 191-192; *Edwardsen v. State*, 243 Md. 131, 137-138; *Wilson v. State*, 261 Md. 551, 556-558; *Alexander v. State*, 4 Md. App. 214, 218; *Moore v. State*, 7 Md. App. 495, 502; *Jones v. State*, 10 Md. App. 420, 428; *Tumminello v. State*, 10 Md. App. 612, 616; *Sun Cab Company v. Carter*, 14 Md. App. 395, 407. Nor does *Kucharczyk* apply where a witness's trial testimony contradicts itself as to minor or peripheral details but not as to the core issues of the very occurrence of the *corpus delicti* or of the criminal agency of the defendant. *Bell v. State*, 2 Md. App. 471, 472; *Poff v. State*, 3 Md. App. 289, 292-293; *Chesley v. State*, 3 Md. App. 588, 596; *Eley v. State*, 4 Md. App. 230, 234; *Rasnick v. State*, 7 Md. App. 564, 568; *Lindsay v. State*, 8 Md. App. 100, 103; *Gardner v. State*, 8 Md. App. 694, 700-701; *Dorsey v. State*, 9 Md. App. 80, 87; *Pinkney v. State*, 9 Md. App. 283, 295; *Hunt v. State*, 12 Md. App. 286, 292; *Crenshaw v. State*, 13 Md. App. 361, 372. Nor does *Kucharczyk* apply where the testimony of a witness is 'equivocal, doubtful and enigmatical' as to surrounding detail. *Thompson v. State*, 5 Md. App. 191, 196-197. Nor does *Kucharczyk* apply where a witness is forgetful as to even major details or testifies as to what may seem improbable conduct. *Gunther v. State*, 4 Md. App.

181, 184-185. Nor does *Kucharczyk* apply where a witness is initially hesitant about giving inculpatory testimony but subsequently does inculpate a defendant. *Wilkins v. State,* 239 Md. 692, 693. Nor does *Kucharczyk* apply where a witness appears initially to have contradicted himself but later explains or resolves the apparent contradiction. *Wilson, Valantine and Nutter v. State,* 8 Md. App. 653, 674. Nor does *Kucharczyk* apply where a State's witness is contradicted by other State's witnesses. *Scott v. State,* 2 Md. App. 709, 713-715; *Tillery v. State,* 3 Md. App. 142, 148; *Gunther v. State, supra; Hunt v. State, supra.* Nor does *Kucharczyk* apply where a State's witness is contradicted by defense witnesses. *Johnson v. State,* 3 Md. App. 219, 222. Nor does *Kucharczyk* apply where a witness does contradict himself upon a critical issue but where there is independent corroboration of the inculpatory version. *Tucker v. State,* 237 Md. 422, 424; *Chesley v. State, supra,* 596. In each of those situations, our system of jurisprudence places reliance in the fact finder to take contradictions or equivocations properly into account and then to make informed judgment in assessing a witness's credibility and in weighing that witness's testimony. Even in a pure *Kucharczyk* situation, the ultimate resolution is solely in terms of measuring the legal sufficiency of the State's total case and not in terms of the exclusion of the contradictory witness's testimony."

A review of the testimony reveals that one of the prosecuting witnesses was extremely reluctant, and in the final analysis said nothing. The other two juvenile witnesses did make glaring, inconsistent statements in that each affirmed and denied that she had touched the appellant's penis. The message comes through, however, loud, clear and consistently that each had performed fellatio upon the appellant.

The testimony, viewed in the light of *Kucharczyk* as

explicated by *Bailey,* does not reveal a pure *Kucharczyk* situation. Although there is present in the instant case some self-contradiction on the part of the witnesses and some ambiguity as to whether Mr. Grady's penis was between his legs or "in front of him", the two girls testified unambiguously and clearly to performing acts of fellatio on appellant on one or more occasions. We think the testimony of the two children is not devoid of probative force and that the trial judge properly declined to grant a motion for judgment of acquittal. The evidence as to fellatio, if believed, was legally sufficient to sustain the conviction.

Notwithstanding the non-application of *Kucharczyk,* we must reverse all convictions.[2]

The trial judge instructed the jury:

"Now, there is evidence in this case, or been offered in this case, or introduced, the defendant was not present at the time and the place where the offenses allegedly were committed. This may be referred to as a defense of alibi. The Court tells you that a defense of alibi is a legitimate, legal and proper defense. The defendant may not be convicted of the offense with which he is charged unless the government proves beyond a reasonable doubt that the defendant was present at the time when, and at the place where, the offenses were committed.

If, after a full and fair consideration of all the facts and circumstances in evidence, you find that the government has failed to prove beyond a reasonable doubt that the defendant was present at

---

2. Appellant assigned four reasons for reversal. We think he is right on three of them, although we do not find it necessary in this case to discuss all three reasons. One contention not discussed is directed toward the time frame in which the events are alleged to have occurred. Because of the ambiguity surrounding the time of the occurrence or occurrences, appellant perceives a denial of due process. *Cf.* Brunner v. State, 154 Md. 655, 141 A. 346 (1928). Another reason that appellant advances for reversal of the trial court's judgment was the admission into evidence, over objection, of an indubitable hearsay statement by one of the prosecuting witnesses to the effect that another prosecuting witness had told her what she had done to the appellant at appellant's request.

the time when, and the place where, the offense charged was allegedly committed, you must find the defendant not guilty.

With reference to alibi, a defendant may be entitled to acquittal if you believe the alibi testimony as his not being present at a time and place of the alleged offense, by taking into consideration this testimony with all the other evidence raising a reasonable doubt of guilt, *but in order to prove an alibi conclusively the testimony must cover the whole time in which the crime by any possibility might have been committed, and should be subjected to rigid scrutiny."* (Emphasis supplied).

The word "conclusively" is defined in the *American Heritage Dictionary of the English Language* (1970) to mean:

"Serving to put an end to doubt or question; Decisive; Final."

Similar definitions are found in *Webster's New International Dictionary of the English Language* (2d ed. unabridged, 1947) and *Funk and Wagnals Standard College Dictionary* (Text ed. 1963).

An analysis of the judge's instructions discloses the following: The State must prove its charges against the defendant beyond a reasonable doubt, but a defendant is required to prove his alibi conclusively. As we read the charge, the defendant is held to establish an alibi by a degree of proof that is above and beyond that required to determine his guilt. The State, the jury was also told, must show guilt beyond a reasonable doubt which, of course, does not mean to a mathematical certainty or beyond any doubt, while the defendant (appellant here) would seem to be required to establish his alibi beyond *any* doubt. This Court in *Jackson v. State,* 22 Md. App. 257, 322 A. 2d 574 (1974) said:

"There appears to be some confusion among the Bench and Bar that a defendant in a criminal case who raises the defense of alibi has, *ipso facto,*

placed upon him the burden of proof of establishing his alibi by a preponderance of the evidence. Such, of course, is not the case. *Robinson v. State*, [20 Md. App. 450, 316 A. 2d 268 (1974)]. The popular, albeit erroneous, belief concerning an alibi defense apparently stems from a tendency to believe that an 'alibi defense' is an 'affirmative defense' thus carrying a burden of proof, but it is not. An affirmative defense is one that concedes the basic position of the State but, nevertheless, asserts that the accused is not guilty, *e.g.*, self-defense. An affirmative defense requires the person asserting it to establish its existence by a preponderance of the evidence. *Davis v. State*, 237 Md. 97, 205 A. 2d 254 (1964); *Chandler v. State*, 7 Md. App. 646, 256 A. 2d 695 (1969); *Morris v. State*, 4 Md. App. 328, 242 A. 2d 582 (1968); *Long v. State*, 3 Md. App. 638, 240 A. 2d 620 (1968). When the State charges that a particular individual committed a certain violation of the Criminal Laws it assumes an obligation to establish that individual's guilt of the offense charged beyond a reasonable doubt. The State carries its burden throughout the entire trial, and its onus of proof as to the substantive offense charged is never lifted from its shoulders and shifted to the accused. An alibi defense, on the other hand, merely requires an accused to go forward with such exculpatory evidence as he may wish to present for the trier of fact to consider in determining whether the State has met its burden. The trial judges are cautioned not to instruct that an accused has the 'burden of proof' of establishing alibi because such an instruction is wrong. Moreover, an instruction that places the 'burden' upon an accused to prove by a preponderance of the evidence his alibi, may effectively erode the only defense available to an accused, and thus, cause him to stand naked and defenseless before the State's accusation.

It is for the trier of fact, be it a judge in a

non-jury trial or the jury, to ascertain whether the alibi testimony, when considered and weighed on the same scale as all other evidence in the case, creates a reasonable doubt of the defendant's guilt. *Floyd v. State,* 205 Md. 573, 581, 109 A. 2d 729, 732 (1954). *See also Basoff v. State,* 208 Md. 643, 655, 119 A. 2d 917, 923 (1956)."

*See also Daniels v. State,* 24 Md. App. 1, 329 A. 2d 712, and *Robinson v. State, supra.* We note that *Robinson, Jackson* and *Daniels* were all filed subsequently to the trial in the instant case.

Although appellant did not except to the trial judge's jury instructions, we, under the "plain error" provision of Md. Rule 756 g, take cognizance of those instructions. *See Robinson v. State, supra* at 457, *Jackson v. State, supra* at 264, and *Daniels v. State, supra* at 7. In *Jackson* we refused to agree that the alibi instruction was, as the State there argued, harmless. We stated at 264:

> ". . . The testimony . . . boils down to the credibility of the prosecuting witness, vis a vis the appellant. In sum, it is a 'Yes, you did' versus 'No, I didn't' type of confrontation. We cannot hold that the jury should have believed the prosecuting witness over the accused as it is not our function to judge the credibility of witnesses nor to weigh the evidence." (Citations omitted).

In the case now before us for review, the appellant, because of the State's inability to demonstrate the time frame in which the alleged events took place, had cast upon him by the Court's instruction the Herculean task of establishing an alibi for the entire period of time that he had known the children. The predicament in which appellant found himself is made more clear when one realizes that the appellant had known the girls for a period of two to three years.

The instruction as given required the appellant "to prove" his "alibi conclusively" for that entire period. He was put to the task of accounting for every minute of every day for the

two or three year period. It is doubtful that anyone in free society could meet such an incubus.

We are aware that in *Floyd v. State,* 205 Md. 573, 109 A. 2d 729 (1954) the Court of Appeals used the language, "But *in order to prove an alibi conclusively,* the testimony must cover the whole time. . . ." (Emphasis supplied). As we read *Floyd* it is apparent that the Court meant that if an alibi defense is to be effective it should blanket the entire period of time in which the offense is alleged to have been committed. Clearly the Court did not intend to place upon an accused a duty to prove his alibi conclusively.

Turning briefly to the convictions for assault and battery, we observe that Judge McWilliams stated for the Court in *Turner v. Hammond,* 270 Md. 41, 310 A. 2d 543 (1973) that if "it takes ten gossamers to make a scintilla, then the appellees' evidence . . . falls well short of five gossamers." Judge McWilliams may well have been speaking of the case now before us as we are unable to find "five gossamers" of evidence pertaining to the assault and battery.

> *Judgments reversed.*
> *Case remanded for a new trial.*
> *Costs to be paid by Prince George's County.*