544 A.2d 6

MARYLAND HOSPITAL LAUNDRY, et al.

v.

Rose Dawn MARSHALL.

No. 1656, Sept. Term, 1987.

Court of Special Appeals of Maryland.

July 14, 1988.

Alfred J. Dirska (Dirska & Levin, on the brief), Columbia, for appellants.

A. Harold DuBois (Verderaime & DuBois, P.A., on the brief), Baltimore, for appellee.

Argued before GILBERT, C.J., and GARRITY and ROSALYN B. BELL, JJ.

GILBERT, Chief Judge.

We iterate what the late Judge J. Dudley Digges wrote in *State v. Grady*, 276 Md. 178, 186, 345 A.2d 436 (1975), *aff'g Grady v. State*, 24 Md.App. 85, 329 A.2d 726 (1974):

> "[I]t is not always appropriate to quote from appellate decisions in jury instructions since the language employed in a particular opinion may not adequately inform jurors of their responsibility. *Flohr v. Coleman*, 245 Md. 254, 262, 225 A.2d 868 (1967); *Garfinkle v. Birnios*, 232 Md. 402, 404, 194 A.2d 91 (1963); *Neas v. Bohlen*, 174 Md.

696, 199 A. 852 (1938). *See generally* 75 Am.Jur.2d *Trial* § 611 (1974)."

Because that caveat was not followed in the case *sub judice,* we shall reverse the judgment of the Circuit Court for Baltimore City and remand the matter for a new trial.

Paul E. Marshall, the father of the appellee, had been employed with Maryland Hospital Laundry (MHL) only six weeks when he died as a result of a fatal fall from the roof of his employer's building. The accident admittedly arose out of and in the course of employment.

The Workmen's Compensation Commission issued an order in which it found Rose, the decedent's daughter, to be only partially dependent upon her deceased father. Rose appealed to the circuit court, where the case was tried before a jury. The jury returned a verdict in Rose's favor, finding that she was a "wholly dependent" person within the meaning of Md.Ann.Code art. 101, § 36(8)(a). MHL has journeyed to this Court where it posits two issues for our review. We shall, however, consider only the question:

"Did the trial judge commit reversible error by instructing the jury that the Workers' Compensation Act should should [sic] be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent purposes and that any uncertainty in the law should be resolved in favor of the claimant?"

We do not consider MHL's second issue, because it is subsumed in our response to the question addressed.

The record reflects that at the conclusion of all the evidence the trial judge instructed the jury:

"The Court instructs the jury that the Workmen's Compensation Act should be construed as liberally in favor of injured employees as its provisions will permit in order to effectuate its benevolent circumstanes [sic]. Any uncertainty in the law shall be resolved in favor of the claimant. Dependency is not determined by legal or moral obligation. There must be actual support."

It is a well-recognized principle that "[s]ince the Act is clearly social legislation, the ordinary construction is somewhat liberal in order ... that its beneficial effect upon injured workers may be achieved." R. Gilbert & R. Humphreys, Jr., *Maryland Workers' Compensation Handbook*, § 2.2–1 at 20 (1988) (footnote omitted). That principle has been consistently recognized by the Maryland appellate courts for over thirty years. *See, e.g., Shauder v. Brager*, 303 Md. 140, 147, 492 A.2d 630 (1985); *Lovelette v. City of Baltimore*, 297 Md. 271, 283, 465 A.2d 1141 (1983); *Bayshore Indus. v. Ziats*, 232 Md. 167, 174, 192 A.2d 487 (1963); *Bethlehem–Sparrows Point Shipyard, Inc. v. Hempfield*, 206 Md. 589, 594, 112 A.2d 488 (1955); *Bethlehem–Fairfield Shipyard, Inc. v. Rosenthal*, 185 Md. 416, 425, 45 A.2d 79 (1945); *Ewing v. Koppers Co., Inc.*, 69 Md.App. 722, 731, 519 A.2d 790 (1987); *Lucky Stores, Inc. v. Street*, 63 Md.App. 664, 493 A.2d 431 (1985); *Subsequent Injury Fund v. Slater*, 27 Md.App. 295, 300, 340 A.2d 405 (1975).

The text of the quoted instruction tracked closely the language in the opinions cited. The "tracking," however, overlooked the fact that the verbiage in opinions is not addressed to juries. Indeed, it is not often adaptable for use in jury instructions. *Flohr v. Coleman*, 245 Md. at 262, 225 A.2d 868.

The instruction, in the case *sub judice*, should not have been given to the jury because the judicial interpretation of the statute is not a matter for a jury's consideration in its fact-finding process. *Cavanaugh v. American Oil Co.*, 242 Md. 165, 171, 218 A.2d 37 (1966). *See also Dillon v. State*, 277 Md. 571, 575, 375 A.2d 360 (1976). Moreover, the court's instruction to the jury regarding the liberal interpretation to be applied was wrong because "the construction of the Act in a light favoring the claimant applies to construction of the law and not interpretation of the facts which underlie the claim." R. Gilbert & R. Humphreys, Jr., § 2.2–1 at 20.

By giving the quoted instruction, the trial judge probably confused the jury as to their responsibility in ascertaining,

based on the evidence presented, whether Rose was wholly or partially dependent on the deceased. Sufficient evidence was submitted to the jury to support a finding of either of the two alternatives. The challenged instruction was susceptible of being interpreted, at least, as a veiled plea of sympathy for the claimant or, at most, as an equally veiled directed verdict in favor of Rose.

In *Cavanaugh*, the Court of Appeals rejected a similar instruction. There, the Court held that the instruction had properly been excluded by the trial court because it involved "a task which the jury was not called upon to perform." *Id.*, 242 Md. at 170, 218 A.2d 37. The inverse is true here.

Rose argues that the objection to the instruction was not preserved for our review. She asserts that, because MHL failed to state the specific grounds for its objection at an informal conference in chambers held before the jury was charged, the issue has been waived. Rose's argument is devoid of merit. Md.Rule 2–520(e) requires that a party object "on the record promptly *after* the court instructs the jury." (Emphasis added.) That was clearly done by MHL, and the issue is, therefore, properly before us. We add the lagniappe that the rule does not require pre-instruction exceptions.

Rose further asseverates that, even if the objection was preserved for our review, it is without merit because MHL has failed to show any resulting prejudice. She avers that reversal would be improper absent an error which is "manifestly wrong and substantially injurious."

It is pellucid that the jury's verdict in favor of Rose was "substantially" injurious to MHL. The award changed the total amount of benefits payable by MHL to Rose from $17,500.00, as originally decided by the Workmen's Compensation Commission, to $45,000.00, the sum payable to a total dependent. *See* Md.Ann.Code art. 101, § 36(8). The court's incorrect instruction specifically told the jury to resolve uncertainties in favor of Rose. We are unable to determine from the record whether the faulty instruction misled the

jury and caused it to reach its decision by "liberally" interpreting or inferring that Rose was wholly dependent on the decedent for support. For that reason we reverse the judgment and remand the case to the circuit court for a new trial.

JUDGMENT REVERSED; CASE REMANDED FOR A NEW TRIAL.

COSTS TO BE PAID BY APPELLEE.